LEMUEL WELCH v. STATE.

164 So. 835.

Division A.

Opinion Filed December 27, 1935.

84

*George M. Okell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BROWN, J.—Plaintiff in error was convicted in the Criminal Court of Record of Dade County for the statutory offense defined in Section 7552 of the Compiled General Laws of 1927, and sentenced to ten years in the penitentiary, the maximum punishment.

Plaintiff in error, a negro, was arrested at his home in South Miami; was handcuffed and taken by the arresting officer to the jail in Miami. While on the way, the officer testified that he questioned him; that he at first denied his guilt, but finally confessed; that he did so freely and voluntarily; that no force was used. The accused testified that he was compelled to testify by the use of force; that he was beaten up. The white man who accompanied the officer, and who was available as a witness, was not placed on the stand to rebut the charge that force was used.

This Court has held that the trial court should not accept the general statement or conclusion of a witness that the confession alleged to have been made to him was "freely and voluntarily" made, as a sufficient predicate for the admission of a confession; that the proper method is to have

the witness state the circumstances under which it was made with sufficient particularity to enable the court and not the witness to determine whether or not the alleged confession was freely and voluntarily made. This rule was evidently overlooked by the court in this case. See Bates v. State, 78 Fla. 672, 84 So. 373.

While the trial court has much discretionary power in limiting the time allowed counsel to argue and present their case to the jury, the time should not be unduly and arbitrarily limited. In view of the circumstances attending the argument of counsel for the defense in this case, and in the interruption of such argument to allow the State to introduce evidence which had been overlooked, we hardly think the court was justified in declining the request of counsel for a little more time to complete his argument. May v. State, 89 Fla. 78, 103 So. 115; Cooper v. State, 106 Fla. 254, 143 So. 217.

As frequently happens in cases arising under this statute, the evidence was conflicting and more or less vague and unsatisfactory, and the errors above pointed out cannot be held to have been harmless.

Reversed and remanded.

WHITFIELD, C. J., and DAVIS, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.