STATE, *ex rel.* H. L. PRINGLE, v. GEO J. DYKES, as Clerk of the Circuit Court for, Lake County.

173 So. 904.
Division A.
Opinion Filed April 12, 1937.

H. L. Pringle, for Plaintiff in Error;

*J. W. Hunter, Duncan, Hamlin & Duncan* and *John S. Lavin*, for Defendant in Error.

BUFORD, J.—On writ of error we review judgment quashing and dismissing alternative writ of mandamus.

Plaintiff in error procured alternative writ of mandamus seeking to compel the Clerk of the Circuit Court to sell a tax certificate under provisions of Sec. 775 R. G. S., 992 Permanent Supplemeent C. G. L. The Clerk had declined to sell the tax certificate because of the provisions of Sec. 9

of Chapter 17406, Acts of 1935. The title to that Act is as follows:

"AN ACT PROVIDING FOR THE CREATION FOR EACH COUNTY OF A DELINQUENT TAX ADJUSTMENT BOARD, PRESCRIBING THE POWERS, AND DUTIES OF SUCH BOARD; PROVIDING FOR THE CREATION OF A DELINQUENT TAX ADJUST-MENT BOARD OF APPEALS AND PRESCRIBING THE POWERS AND DUTIES OF SUCH BOARD; PROVIDING FOR THE COMPROMISE AND ADJUSTMENT OF TAX SALES CERTIFICATES HELD BY THE STATE UPON CERTAIN CONDITIONS."

Section 9 of the Act is as follows:

"Section 9. SALE OF TAX SALE CERTIFICATES HELD BY THE STATE.—No tax sale certificate held by the State for taxes for the year 1933 or previous years, shall be sold prior to April 1st, 1936, except upon written application of the owner."

Answer was filed to the alternative writ setting up the fact that the Clerk had declined to sell and issue the tax certificate because of the provisions of Section 9, *supra,* and for no other reason.

Motion was filed for peremptory writ of mandamus, the answer notwithstanding, it being contended that the provisions of Section 9 of Chapter 17406, *supra,* were unconstitutional and, therefore, void. Delinquent tax certificates in the hands of the State are subject to legislative disposition, provided such disposition does not violate the due process clause of the Constitution, the equal protection clause of the Constitution or that provision of the Constitution requiring uniform taxation. Neither of these provisions of the Constitution is violated by the provisions of Section 9 of Chapter 17406, *supra.* All that the provisions of this section did was to require the State to hold those tax certificates which had been issued to the State

because of non-payment of taxes for the year 1935 and previous years until the 1st of April, 1936, the purpose being merely to extend the time for the owner to redeem his lands from the lien for unpaid taxes assessed for the year 1933 and prior years. Section 9 of the Act did not relieve the owner of any part of the tax, nor of any interest and penalties which would accrue upon the tax certificate. It is contended that the title to the Act is not broad enough to contemplate the provisions of Section 9 of the Act. Amongst other things the title is, "Providing for the Compromise and Adjustment of Tax Sale Certificates held by the State upon certain Conditions." We hold that the provision of Section 9 is pertinent to the compromise and adjustment of tax sale certificates held by the State under certain conditions and, therefore, is within the purview of the title.

One of the rules in regard to invoking the adjudication of courts as to the constitutionality of legislative Acts is that the question of constitutionality must be presented by one whose constitutional rights are shown to be abrogated or threatened by the enforcement of the legislative Act. The Plaintiff in Error here is only the would-be purchaser of a tax certificate. He has no interest in the certificate and no interest in the property upon which the delinquent tax is a lien. He is not discriminated against by the legislative Act because not only is the Clerk forbidden to sell the certificate to him, but the Clerk is forbidden to sell the certificate to all other persons like situated. Since the case has been pending in this Court the issue has become moot because Section 9 of the Act is no longer applicable to tax certificates, the date of the limitation fixed therein, April 1, 1936, having passed. So the judgment appealed from should be .affirmed.

It is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN, concur in the opinion and judgment.

DAVIS, J., concurs in the result and in the holding that the statute involved is valid, but does not agree that relator was without standing to maintain suit, nor that the cause is moot.