## CHRIS BOSTON v. STATE OF FLORIDA

15 So. (2nd) 607                 June Term, 1943
November 16, 1943                    Division A
Rehearing Denied December 7, 1943

*Alvan B. Rowe,* for appellant.

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, and *Clyde Wilson,* State Attorney, for appellee.

CHAPMAN, J.:

The appellant, Chris Boston, by information was charged with murder in the second degree for the unlawful killing of Richard Blake in Manatee County, Florida, on January 31, 1943. He was duly arraigned on the information and tendered a plea of not guilty. He was subsequently placed upon trial under the information and by a jury convicted of the crime of manslaughter. He filed a motion for a new trial after argument and the same was by the trial court denied, when the defendant was sentenced to serve for the said crime a period of three years in the State Prison at hard labor. An appeal therefrom has been perfected here. Four questions are posed here for adjudication growing out of the trial in the lower court.

It is contended here that a denial, in part, by the trial court of the appellant's proffer made during the progress of the trial constitutes reversible error, which is viz:

"Thereupon in the absence of the jury:

"Mr. Rowe: Defendant now offers, proffers and proposes to prove by the defendant himself that just thirty minutes prior to the difficulty the defendant had with Richard Blake in which the said Richard Blake was shot, the said Richard Blake had been running amuck in the streets, and had entered the store of one Hildus (Botto) Daves and had created such a disturbance in this store that Daves had to order him out, whereupon Richard Blake attacked and seized Daves and threw Daves bodily from the store and on to the paved street, and further that before this occurred the said Richard Blake had a similar encounter with one Chester Darrell; of which specific acts of violence defendant Chris Boston had been informed and they were known to the defendant Chris Boston at the time of the shooting of Richard Blake.

"The Court: I will not permit such details. I have permitted him to give evidence as to his character—you may inquire as to whether he had trouble with Botto exception.

"Thereupon in the presence of the jury:

"Q. Did Richard Blake have trouble with Botto the same night about thirty minutes before your trouble?

"A. The same night.

"Q. Did you know he had had that trouble at the time your trouble took place?

"A. Yes sir."

It is contended here that the exclusion of the proffered testimony by the trial court constitutes reversible error within our ruling in the case of Palm v. State, 135 Fla. 258, 184 So. 881. We have in the case at bar an entirely different set of facts. Some two or three State witnesses testified that the appellant and the deceased had a fight, when the appellant left the scene, went to his room some distance away and returned and renewed the fight by shooting the deceased. It is true that the appellant in his testimony denied that he withdrew from the scene and went to his room and returned, but testified that his encounter with the deceased was continuous and uninterrupted and the deceased was the aggressor and he shot the deceased in self defense. There is much testimony in the record contradictory to this statement.

The trial court permitted the appellant to testify as to the deceased's quarrelsome, violent and dangerous proclivities as reflected by an altercation with Oates, the barber, some two or three days prior to the shooting and that the deceased had had trouble shortly prior to the shooting with a man by the name of Botto. The trial court simply held that counsel could not detail the merits of the several altercations of the deceased outlined in the proffer but the ruling did not preclude counsel from showing, if desired, that the deceased had had trouble with others, viz: Daves and Chester Darrell shortly prior to the shooting and that the appellant had knowledge of these facts when trouble arose between him and the deceased. The deceased had been in the community about two months prior to the shooting. The appellant testified before the jury as to the difficulties of the deceased with Oates and Botto. The trial court's ruling on the proffer of appellant did not preclude counsel from showing that the deceased had trouble with Darrell and others. It was the detailed merits or demerits of these several altercations of the deceased known to the appellant that the trial court denied.

The Sheriff of Manatee County was called as a witness and testified that he went to the scene of the difficulty and arrested the defendant. The defendant made certain statements to the Sheriff about his altercation with the deceased. Objections to the admission of the statements were made by the defendant's counsel, when the jury was excused and the court heard testimony on the question of whether or not the same were freely and voluntarily made to the Sheriff by the defendant. Testimony pro and con was offered and the Court held that the statements made by the defendant to the Sheriff were admissible. We have given careful consideration to the alleged statements or confession.

It is contended here that the admissions as made to the Sheriff were not freely and voluntarily made and their admission by the lower court deprived the defendant of recognized constitutional rights. Counsel relies upon the ruling enunciated in Chambers v. Florida, 309 U.S. 227, 60 S. Ct. 472, 84 L. Ed. 716; Welch v. State, 122 Fla. 83, 164 So. 835; Bates v.

State, 78 Fla. 672, 84 So. 373. We have reviewed the cited authorities in light of the contention made and hold that these cases are not in point. See Flowers v. State, 152 Fla. 649, 12 So. (2nd) 772.

It is next contended that it was the trial court's duty, under the law, to charge the jury in the case at bar that the confession of the defendant as testified to by the Sheriff as made to him by the defendant below should by the jury be weighed and considered with great caution. The case of Harrison v. State, 149 Fla. 365, 5 So. (2nd) 703, is cited to sustain this contention. In the latter case there was not sufficient evidence in the record to sustain the conviction or connect Harrison with the death of the late Mr. Mayo without the written confession. In the case at bar eye witnesses testified to the altercation between the appellant and the deceased, and, in fact, the appellant admitted inflicting the mortal wound, and in doing so acted in self defense. We observe but few, if any, disputes and conflicts in the statement as testified to by the sheriff as having been made to him by the defendant and the testimony given by the defendant when on the stand. It is unnecessary for the disposition of this case to distinguish between an admission and confession.

Appellant's last question is viz.: Is Section 910.10 (4) Fla. Stats. 1941, which requires a defendant to object to the giving or the failure to give an instruction before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection, and provides that opportunity shall be given to make the objection out of the hearing of the jury unconstitutional? The record discloses that the trial court's charge, when considered in its entirety, was reasonably free from error. Counsel for the appellant, in the absence of the jury (presumably the jury had retired to consider its verdict), objected severally and separately "to each and every paragraph and sentence thereof;" that the charge in its entirety was not an accurate presentation of the law of the case, but tends to confuse and does confuse the minds of the jurors; counsel for appellants, in the absence of the jury, submits to the trial court

written charges numbered from two to thirty-eight inclusive, and requested the trial court to read the several requested charges to the jury, and the same was by the trial denied.

The constitutionality of Section 910.10, Fla. Stats. 1941, is here challenged by the ruling of the trial court, being the basis of appellant's question four appearing in the brief. The appellant cannot be heard and is without standing in this Court at this time to raise the constitutionality of this Section of the Statute, because his interests are not affected by the ruling of the trial court. The statute was before the Court in the case of LaBarbara v. State, 150 Fla. 675, 8 So. (2nd) 662. The legal sufficiency of the entire instructions given by the trial court to the jury is sustained. Neither was the refusal of the trial court to give the appellant's requested instructions asigned as error, and for these reasons it does not appear that the rights of the appellant under the statute were prejudiced or affected. See State v. Dykes, 127 Fla. 665, 173 So. 904; Robinson v. Fla. Dry Cleaning & Laundry Board, 141 Fla. 899, 194 So. 269.

We fail to find error in the record and accordingly the judgment appealed from is hereby affirmed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.