EARL THOMPSON and EDWARD THOMPSON v. STATE OF FLORIDA.

17 So. (2nd) 395          January Term, 1944
March 24, 1944                    En Banc

Charles E. Flynn, for Earl Thompson, and H. M. Wise, for Edward Thompson, appellants.

J. Tom Watson, Attorney General, and John C. Wynn, Assistant Attorney General, for appellee.

ADAMS, J.:

The two appellants, Earl Thompson and Edward Thompson, were convicted of murder and sentenced to be electrocuted.

Each asked for a reversal of the judgment because the trial judge did not charge the jury that their confessions should be received and considered with great caution. This question was presented to the trial court for the first time on motion for a new trial. Appellants rely upon our opinion in Harrison v. State, 149 Fla. 365, 5 So. (2nd) 703. The trial court distinguished this case from the Harrison case because the appellants testified to substantially the same facts as revealed by the confessions and too the other evidence was sufficiently convincing to sustain the verdict without the confessions. In drawing this distinction we find the action of the trial court without error. In the Harrison case the defendant not only explained why he made the confession but denied his guilt and this Court found the evidence insufficient to sustain the verdict without the confession.

In the case at bar the situation is quite different. The appellants are brothers; they took one Joe Henry out to a secluded spot in the night time and killed him by striking him several blows on the head and cutting his throat. After the killing they placed his body in a creek; took his money, returned to a garage and attempted to have the blood stains removed from the car. Within a short time appellants were arrested, whereupon they directed the officers to the body and admitted the killing. The only excuse given by them for the brutal deed is that they were drunk; that a fight started when deceased made derogatory remarks about appellants' mother; that in the course of the fight the deceased fell from a blow on the head by a piece of iron and that appellants decided to finish him by cutting his head practically off and concealing his body in a creek after going through his pockets and getting his money.

We can find no jurisdiction for the foul act in appellants' own testimony. Against their evidence however it appeared that deceased was expecting to be married to appellants' mother in the near future; that while appellants habitually

used intoxicating liquor to excess they were in their right minds when they committed this deed and the motive was robbery; that their desire for deceased's money far outweighed any kindly feeling they had for him or their mother.

Great stress is laid upon the mother's testifying for the state. It is most novel, yet it does not appear that she bears any malice toward her sons and surely it has not been shown that she did anything but testify to the truth. Perhaps if more mothers would be more exacting of their children in their earlier life, fewer sons would end in this fashion.

It is our conclusion that this case is ruled by Boston v. State, 153 Fla. 698, 15 So. (2nd) 607, rather than by Harrison v. State, supra.

All other questions have been duly considered; the records and briefs have been thoroughly studied, and finding the record free of error, the evidence sufficient, the judgment is affirmed.

BUFORD, C. J., TERRELL, BROWN, CHAPMAN, THOMAS and SEBRING, JJ., concur.