## JACKSON v. UNITED STATES.

### No. 10789.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 6, 1951.

Decided May 29, 1952.

Writ of Certiorari Denied Oct. 20, 1952.

See 73 S.Ct. 96.

Mr. William E. Owen, Washington, D. C., for appellant. Mr. Edward F. Daly, Washington, D. C., also entered an appearance for appellant.

Mr. Joseph F. Goetten, Asst. U. S. Atty., with whom Messrs. George Morris Fay, U. S. Atty. at the time the record was filed, John D. Lane and Joseph M. Howard, Asst. U. S. Attys., were on the brief, for appellee. Mr. Charles M. Irelan, U. S. Atty. at the time the brief was filed, also entered an appearance for appellee.

Before CLARK, WILBUR K. MILLER and FAHY, Circuit Judges.

PER CURIAM.

Appellant Jackson was convicted in the District Court of housebreaking and grand larceny. Evidence introduced by the United States at the trial consisted principally of the corpus delicti, appellant's oral confession to a police officer, and circumstances which might indicate appellant's flight. Testimony of his wife, the only defense witness, bore on the question of alibi and flight. No request was made that the trial court admonish the jury that the oral confession should be received with caution, but appellant contends it was reversible error for the court to omit such an instruction.[1] While the cautionary instruction should have been given, State v. Henderson, 1905, 186 Mo. 473, 85 S.W. 576, 582–583; State v. Lantzer, 1940, 55 Wyo. 230, 99 P.2d 73; State v. Folkes, 1944, 174 Or. 568, 150 P.2d 17, 27, certiorari denied, 1944, 323 U.S. 779, 65 S.Ct. 189, 89 L.Ed. 622; Harrison v. State, 1942, 149 Fla. 365, 5 So.2d 703, the omission, in the circumstances of this case, was not such plain error "affecting substantial rights" as leads us to reverse. Rule 52(b), Fed. R. Crim. P., 18 U.S.C.A. We lay down no general rule for all cases. In addition to the state cases above cited see in general Skiskowski v. United States, 1946, 81 U.S.App.D.C. 274, 279, 158 F.2d 177, certiorari denied, 1947, 330 U.S. 822, 67 S.Ct. 769, 91 L.Ed. 1273; Cratty v. United States, 1947, 82 U.S.App.D.C. 236, 163 F.2d 844; Borum v. United States, 1932, 61 App.D.C. 4, 56 F.2d 301.[2]

We have examined the other alleged errors and find no ground for reversal.

Affirmed.

1. Present counsel did not represent appellant at the trial.

2. By statute in California the court is required to instruct that oral confessions are to be received with caution. California decisions, while holding failure so to instruct to be error, do not invariably find such error to be reversible. People v. Koenig, 1946, 29 Cal.2d 87, 173 P.2d 1; People v. Riley, 1950, 35 Cal.2d 279, 217 P.2d 625, 629. In Florida the rule of decision is like that in California. Compare Harrison v. State, 1942, 149 Fla. 365, 5 So.2d 703, with Boston v. State, 1943, 153 Fla. 698, 15 So.2d 607.