88 So.2d 606 (1956)
LIONEL S. HAMILTON, APPELLANT,
v.
THE STATE OF FLORIDA, APPELLEE.
Supreme Court of Florida, Special Division B.
June 29, 1956.
Rehearing Denied July 16, 1956.
Joseph L. Wolf, Branch & Goff and Talton A. Branch, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., Jos. Manners and B. Jay Owen, Asst. Attys. Gen., for appellee.
THORNAL, Justice.
Appellant, who was defendant below, seeks reversal of a judgment of conviction pursuant to a jury verdict finding him guilty of the offense defined by Section 800.04, Florida Statutes, F.S.A., condemning the fondling of a child under 14 years of age in a lewd or indecent manner.
Several points are raised by the appeal but the only question that merits detailed consideration is whether the trial judge committed a fundamental error, which would be reviewable in the absence of objection below, by referring to a written statement by the appellant as a "confession" when in actuality it was not confession.
The appellant was tried and convicted of violation of Section 800.04, Florida Statutes, F.S.A. He was charged with the offense of lewd and indecent fondling of a 12-year old girl. The information alleged with sufficient exactness the particularities of the offense and our decision in the case does not require any detailed delineation of the unpleasant facts as they appear in the record.
While under investigation, the appellant furnished to a deputy sheriff a written statement expressing his version of the facts of the matter. The statement, however, was in no sense a confession. This much is conceded by the State. At the conclusion of his instructions to the jury, the trial judge ended his charge with the remark, "There is, I believe, a confession here and a photograph, too." No objection to this remark was offered by appellant's counsel at the time it was made and no assignment of error is grounded thereon.
*607 In his brief on appeal, appellant contends that the error was of such a fundamental nature that it deprived him of his right to a fair trial and justifies reversal despite the fact that it was not objected to at the time it occurred and was not thereafter assigned as error on appeal. It is the contention of the appellant that the judgment should be reversed because of the alleged fundamental error.
The State contends that the error did not reach the ultimate validity of the trial itself and in the absence of objection or assignment grounded thereon, reversal is not justified.
To sustain his position, appellant relies entirely on our opinion in Harrison v. State, 149 Fla. 365, 5 So.2d 703, 707. In that opinion we held that under the circumstances of that particular case, it was error for the trial judge to fail to charge the jury on the weight to be given to a confession even though no such charge was requested. Harrison v. State, supra, was a capital case in which the State relied entirely upon a confession to sustain a verdict of guilty of murder in the first degree. There was no other supporting evidence or testimony. The alleged confession was the entire foundation on which the State constructed its case against the accused. We held that under such circumstances the trial judge had the responsibility to charge the jury on the "`law of the case'" which included the weight to be given to a confession upon which the State relied entirely for conviction. The error was fundamental for the reason that without the confession, the conviction could not have been obtained and with the confession the accused was fundamentally entitled to an appropriate charge with reference thereto.
We distinguished Harrison v. State, supra, in Thompson v. State, 154 Fla. 323, 117 So.2d 395, which also was a capital case wherein we took note of the fact that although the trial judge committed error in failing to charge the jury with reference to the weight to be given a confession, nevertheless, there was other evidence offered at the trial which was sufficiently convincing to sustain the verdict without the confession and in the presence of such evidence, the failure to charge with reference to the confession did not constitute reversible error. See also Boston v. State, 153 Fla. 698, 15 So.2d 607; and Kelly v. State, 145 Fla. 491, 199 So. 764.
Applying the rules of these decisions to the case before us, we find that testimony offered from the witness stand, if believed, was adequate to sustain the verdict of the jury. The appellant himself testified under oath to substantially the same facts that were incorporated in the written statement. In other words, the case did not stand or fall on the written statement or the judge's reference thereto.
We do not here intend to hold that it was not error to refer to the statement as a confession when in actuality it was not a confession. We do, however, hold that, in view of the record, the error was not such as to justify a reversal in the absence of a timely objection and an assignment grounded thereon.
We do not consider an error to be of such fundamental nature as to justify a reversal in the absence of timely objection unless it reaches down into the legality of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the error alleged. See Harrison v. State, supra.
Illustrating the rule which we here announce is the opinion of the Supreme Court of the United States in Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 465, 80 L.Ed. 682. There, as in Harrison v. State, supra, the State in a prosecution for first degree murder depended entirely upon a confession as the basis for a conviction. Aside from the confession, there was no evidence sufficient to warrant submitting the case to the jury. The record revealed that the confession was obtained *608 by coercion and brutality. On appeal to the United States Supreme Court, it was held that even in the absence of a proper motion for the exclusion of the confession, the appellate court could nevertheless consider the error committed in admitting the confession into evidence in view of its obviously involuntary character. The Court pointed out that the complaint was not for the commission of a mere error "but of a wrong so fundamental that it made the whole proceeding a mere pretense of a trial and rendered the conviction and sentence wholly void." See also Orfield, Criminal Appeals in America, pages 95-98.
In a case such as the one before us where there was abundant admissible testimony before the jury which, if believed, would justify the conviction, the error could well have been corrected upon a timely objection. However, even though the error was committed, the testimony that was offered aside from the written statement was adequate to sustain the conviction and a failure to object and assign on appeal leads us to the conclusion that error, such as there was, was waived. It did not so permeate the proceeding as to convert it into "a mere pretense of a trial" nor did it strike at the fundamental legality of the trial itself.
We have considered the other points raised by the appellant with reference to the sufficiency of the evidence, the admissibility of the photograph, instructions of the court and the sufficiency of the information. Some of these alleged errors were waived also by a failure to offer a timely objection. We have considered them all, however, and even if proper objections had been made, we do not find therein justification for reversal.
The judgment appealed from is therefore 
Affirmed.
TERRELL, Acting C.J., and ROBERTS and O'CONNELL, JJ., concur.