HORTON, Judge.
The appellants seek review of judgments and sentences entered on jury verdicts finding them guilty of manslaughter in an abortion attempt that took the life of the decedent. Each of the appellants was sentenced to five years in the state penitentiary.
The first question we consider is the failure of the lower court to instruct the jury on the material elements of the crime, described in Section 782.10, Fla. *838 Stat, F.S.A., and the alleged failure of the prosecution to prove each and every element under said statute. The State contends that the information charges a crime under Section 782.07, Fla.Stat, F.S. A., and relies on Weightnovel v. State, 46 Fla. 1, 36 So. 856, to support its position. From an examination of the Weightnovel case and the information set out verbatim therein, it is clearly apparent that the state patterned the information in the case at bar after the information in that case. The appellants concede, in their reply brief, that the Weightnovel case controls in determining the applicable statute under which the information was drawn, but they contend it was error for the trial judge to instruct the jury on the definition of “culpable negligence” when the information charged the appellants with a specific act. We have reviewed the trial court’s instructions and conclude that the jury was properly charged under Section 782.07, supra, when the court defined culpable negligence to include conduct on the part of the appellants “ * * * which would be equivalent to an intentional violation of (the deceased’s) rights * *
It is evident from the trial judge’s instructions that the jury was fully informed of the acts necessary to a finding of guilt under a charge of manslaughter. These acts, as explained by the trial judge to the jury, were not confined to acts of omission but could be acts of commission. The Weightnovel case, after which the information in this cause was patterned, squarely held that the facts laid in that information constituted manslaughter under the general manslaughter statute, Section 782.07, supra. This holding has not been modified or receded from but, on the contrary, has been reaffirmed and further explained by the Supreme Court of this state in Johnson v. State, Fla.1956, 91 So.2d 185.
The remaining issue raised by the appellants is the failure of the trial court to instruct the jury on the weight to be given certain confessions of the appellants, which it is contended were repudiated to some extent during the course of the trial. The case of Harrison v. State, 149 Fla. 365, 5 So.2d 703, is relied upon by the appellants as being controlling to the extent that the lower court’s failure to instruct the jury on the weight to be given the confessions was prejudicial error. The Harrison case is easily distinguishable from the case at bar. In the Harrison case conviction would have completely failed without the confession as there was nothing to associate Harrison with the crime except his confession. In addition, the Harrison case has been distinguished many times by the Supreme Court of Florida. See Boston v. State, 153 Fla. 678, 15 So.2d 607; Thompson v. State, 154 Fla. 323, 17 So.2d 395; Brunke v. State, 160 Fla. 43, 33 So.2d 226; Hamilton v. State, Fla.1956, 88 So.2d 606. In the appellants’ case, they were found in the same room with the deceased by the ambulance drivers and police, and further, they admitted being with the deceased immediately prior to her death and having made a physical examination to determine her condition of pregnancy. If in fact there was a repudiation of the confessions as the appellants contend, it was so slight as to be immaterial. The appellant Sinnefia testified, on cross-examination, in substance that she had obtained the assistance of the other appellant to help the decedent out of trouble, and that this meant an abortion upon the decedent.
The record in this cause clearly demonstrates that without the confessions the jury would have had an adequate basis on which to support its verdicts. No error in the trial proceedings having been made to appear, the judgment and sentences of the lower court are accordingly affirmed.
Affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.