124 So.2d 481 (1960)
Ike BROWN, Petitioner,
v.
STATE of Florida, Respondent.
No. 30596.
Supreme Court of Florida.
November 16, 1960.
*482 W.B. Hunter, Tavares, for petitioner.
Richard W. Ervin, Atty. Gen., George R. Georgieff, Asst. Atty. Gen., Gordon G. Oldham, State Atty., Leesburg, and John W. McCormick, Asst. State Atty., Tavares, for respondent.
THORNAL, Justice.
By petition for certiorari we are requested to review a decision of the Court of Appeal, Second District, on the ground of alleged conflicts with stated prior decisions of this Court on the same points of law. Article V, Section 4(2), Florida Constitution, F.S.A.
We must decide whether a fundamental error occurs in a first degree murder trial when the trial judge advises the jury that under the facts third degree murder "can in nowise be applicable."
Petitioner Brown was tried pursuant to an indictment charging murder in the first degree. He was convicted of murder in the second degree. At the conclusion of the trial the trial judge instructed the jury on the various degrees of unlawful homicide and added "murder in the third degree can, in nowise, be applicable in this case." No objection was urged during the trial. The defendant did not request an instruction to the effect that the jury could bring in a verdict of murder in the third degree. The matter was never raised in the trial court until the trial judge himself on a motion for new trial concluded that this Court in Pait v. State, Fla., 112 So.2d 380, had in effect decided that the failure to instruct on all degrees of homicide in a first degree murder case constitutes a fundamental error which requires a new trial regardless of request by the accused. From the ruling granting the new trial the state appealed. The Court of Appeal, Second District, in State v. Brown, Fla.App., 1960, 118 So.2d 574 concluded that while the instruction on the non-applicability of third degree murder should not have been given, the giving thereof in the absence of objection by the defendant or a specific request to the contrary did not constitute a fundamental error sufficient to justify a new trial. We are now requested to review this decision of the Court of Appeal with the contention that it conflicts with the prior decisions of this Court in Pait v. State, supra, Killen v. State, Fla., 92 So.2d 825, and Henderson v. State, 155 Fla. 487, 20 So.2d 649.
Because of ostensible conflict we accepted jurisdiction and have heard the matter on the merits.
Petitioner Brown contends that in the cited cases this Court has held that it is essential to the validity of a first degree murder trial that the jury be advised that it can find the defendant guilty of any degree of unlawful homicide. He asserts that his failure to object at the instant trial or request an instruction on the subject is of no consequence because in his view the error was fundamental to the validity of the trial and can be reviewed on appeal under the decision of this Court in Henderson v. State, supra.
It is simply the position of the State that if error was committed it was not of such fundamental nature as to justify a new trial in the absence of objections or request by defendant.
For coherence we remind that the decision of the Court of Appeal reversed the trial judge who had the view that the error was fundamental in nature and justified a new trial regardless of objections or request by the defendant. The Court of Appeal *483 adopted the position that the error was not fundamental. It held that the trial judge committed error when he granted the new trial in the absence of objections or request by the defendant during the course of the trial. It is this conclusion of the Court of Appeal which we now examine.
This Court is now definitely committed to the rule that wherever evidence is sufficient to sustain a charge of murder in the first degree, whether committed in the perpetration of certain felonies or whether from a specific premeditated design a verdict convicting a defendant of a lesser degree of homicide will not be disturbed even though there is no evidence of the particular degree of the offense for which he might be convicted. We have taken the view that the responsibility of determining the degree of guilt in such cases rests peculiarly within the bosom of the trial jury. Killen v. State, Fla., 92 So.2d 825.
To make clear our position which we had hoped was sufficiently explicit in Killen v. State, supra, we repeat here that which we announced there to the effect that under Section 919.14, Florida Statutes, as amended in 1939, F.S.A., the Court should in all cases instruct the jury on the various degrees of the offense charged in the indictment. When the offense charged is first degree murder, whether grounded on specifically alleged premeditated design, or whether committed in the perpetration of certain felonies as proscribed by Section 782.04, Florida Statutes, F.S.A., the defendant is entitled to have the jury advised on all the degrees of unlawful homicide, including manslaughter. There should be a further instruction that it is in the province of the jury to determine the degree. Killen v. State, supra.
The question which now challenges our attention is whether the failure of a trial judge to give such an instruction constitutes a reversible fundamental error when the accused fails to request the instruction or fails to object to any instruction actually given. In the instant case the trial judge told the jury that third degree murder could in nowise be applicable The defendant and his counsel remained silent, urged no objection and made no request for a contrary instruction. As a matter of fact, the point was not specified in the motion for a new trial. The trial judge himself sua sponte raised the point in view of his interpretation of certain language used by this Court in Pait v. State, Fla., 112 So.2d 380. In the case last cited we merely pointed out that we had observed the absence of an instruction on third degree murder and inasmuch as the case was being reversed on other grounds we simply invited the attention of the trial judge to this deficiency in order to forestall a possible recurrence of the error at a subsequent trial. Our language on this point could probably be classed as dictum although we felt that we made it expressly clear that we were not ruling on the point as an error for reversal but merely as a guide to the trial judge upon the event of another trial. There is no basis for extracting from State v. Pait, supra, any notion that we there held that the failure to instruct on third degree murder in a first degree murder case constitutes reversible error in the absence of an appropriate request for such an instruction by the accused.
This latter position we thought was made clear by our opinion in Williams v. State, Fla., 117 So.2d 473. In that case we pointed out that there was a failure to charge on a lesser degree of unlawful homicide. We declined to hold the error to be fundamental so as to render the judgment of conviction erroneous on that score, there being no objections raised at the trial.
To summarize our position, we herewith hold that in any trial for first degree murder the accused is entitled to have the jury instructed on all degrees of unlawful homicide including manslaughter and error is committed if he requests such an instruction and is refused. On the other hand, if the accused fails to request such an instruction *484 or fails by timely objection to bring to the attention of the trial judge an error in any such instruction given he cannot urge the error for the first time on appeal. Section 918.10(4), Florida Statutes, F.S.A.
We do not overlook the contention of the petitioner that the error was fundamental to the validity of the trial and required a new trial regardless of the failure of the accused to make timely objections or request. On this point the petitioner relies entirely upon the decision of this Court in Henderson v. State, 155 Fla., 487, 20 So.2d 649. In that case it was held that the trial judge completely invaded the province of the jury by a series of instructions which in effect eliminated entirely the jury function in the trial of the case. The basic error consisted in the fact that the judge took over the entire jury function in concluding that the various essential elements of the offense had been established and he then proceeded to instruct the jury accordingly. The multiple errors were such that this Court concluded that they permeated the validity of the trial itself and that under the circumstances a conviction could not have been obtained absent the errors.
This is the rule which we have adopted in ascertaining whether we will view a particular error as fundamental. In Hamilton v. State, Fla., 88 So.2d 606, we specifically stated that in order to be of such fundamental nature as to justify a reversal in the absence of timely objection the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error. For example, where the State relied entirely upon a confession to obtain a first degree murder conviction it was fundamental error for the trial judge to fail to advise the jury on the weight to be given a confession even though no such charge was requested. Harrison v. State, 149 Fla. 365, 5 So.2d 703. Similarly, in one of the leading cases on this subject, Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682, the Supreme Court of the United States concluded that a murder conviction was fundamentally erroneous when the state relied entirely on a confession and the trial judge had failed to ascertain its voluntary character. In both of these cases there was no other evidence which would have supported the conviction.
On the other hand, in Thompson v. State, 154 Fla. 323, 17 So.2d 395, also a capital case, the trial judge failed to instruct on the weight to be given a confession. We held that this was not a fundamental error because there was other evidence adequate to sustain the conviction even in the absence of the confession.
In the instant case there has been no contention that the error of the trial judge necessarily and inescapably produced the ultimate jury verdict. So far as this record reveals there was adequate evidence to sustain the conviction regardless of the error of the judge. In other words, the alleged error did not permeate or saturate the trial with such basic invalidity as to lead to a reversal regardless of a timely objection under Section 918.10(4), Florida Statutes, F.S.A. See also, Boston v. State, 153 Fla. 698, 15 So.2d 607; Sinnefia et al. v. State, Fla.App. 1958, 100 So.2d 837.
Evidencing our consistent view that a failure to instruct on a lesser degree of homicide in a first degree murder case does not constitute a fundamental error which requires a reversal in the absence of a proper objection in the trial court, the state points to over fifteen decisions of this court during the past five years in which we have affirmed murder convictions despite the absence of an instruction on one or another of the lesser degrees of unlawful homicide. The latest decision of this nature is Brooks v. State, Fla. 1960, 117 So.2d 482, in which we affirmed a murder conviction with the supreme penalty although the record will reveal that there was no instruction on third degree murder.
*485 Although potential conflict with prior decisions of this Court appeared to justify the issuance of the writ and a hearing on the merits, we are now convinced that the decision of the Court of Appeal under review does not conflict with any prior decision of this Court on the same point of law. The writ is therefore discharged.
It is so ordered.
THOMAS, C.J., and ROBERTS and and O'CONNELL, JJ., concur.
DREW, J., dissents.
DREW, Justice (dissenting).
The opinions of this Court in the Killen[1] and Pait[2] cases and the decision of the District Court of Appeal, Second District, in the instant case hold that the trial court erred when it failed to instruct the jury on all of the degrees of homicide. The trial court recognized his error and granted a new trial.[3]
It is apparent from an examination of the District Court's opinion in this case that while reversing the trial court for granting the new trial, it did so solely on the ground that no objection was made of the court's failure to charge on all degrees of homicide during the trial and it was not an assigned ground of the motion for new trial.
The District Court observed that "[w]ere this court to have this question before us as one of first impression, we would follow the decisions of the Supreme Court of Florida which were rendered prior to 1939 (during which year the Legislature provided in Sec. 919.14, Florida Statutes, F.S.A. that `the court shall in all such cases charge the jury as to the degrees of the offense,'), * * *." In the discussion of the quoted observation, the District Court cites many cases stating the general rule that the failure to so charge a jury is not error where the evidence does not support such instruction. The cases cited and the authorities discussed in the opinion have not in my opinion been applicable in Florida since 1939 when the amendment to Section 919.14, Florida Statutes, F.S.A. was adopted because in that statute the Legislature of this State imposed upon our courts the absolute duty of so charging the jury. My view on this broad question and the wisdom of the Legislature in adopting the amendment and the validity of our opinion in the Killen case is so completely set forth in a Pennsylvania case decided in 1864 that I quote it in the footnote.[4]
*486 Reverting now to the first point concluded by the District Court's opinion that the Court's ultimate conclusion to reverse the trial court because the error was not preserved either in the trial court or presented on the motion for new trial, and, conceding for the sake of argument that the error is not of the fundamental character which would completely vitiate the whole proceedings, the conclusion which the District Court reaches in this respect does violence not only to many previous decisions of this Court but completely disregards the power vested in the appellate courts of this State both by statute[5] and recent rule of this Court[6] to consider errors in instructions whether objected to or not.
In the Pait case we were concerned with an almost similar but, in my judgment, not as serious a situation. We particularly pointed out in that case that "[n]o objection was interposed by the appellant to the remarks of the prosecutor with reference to right of appeal." The question of affording the trial judge an opportunity to correct such "highly prejudicial although sometimes impulsive remarks of prosecuting officials" was then discussed, followed by the observation "* * * we think there are situations where the comments of the prosecutor so deeply implant seeds of prejudice or confusion that even in the absence of a timely objection at the trial level it becomes the responsibility of this court to point out the error and if necessary reverse the conviction." Later in the opinion it is said "* * * when an improper remark to the jury can be said to be so prejudicial to the rights of an accused that neither rebuke nor retraction could eradicate its evil influence, then it may be considered as ground for reversal despite the absence of an objection below, or even in the presence of a rebuke by the trial judge * * *." Another quotation along the same line is that "[e]xcept in rare instances where a grievous injustice might result, this court is not inclined to excuse counsel for his failure in this regard. We think the remarks here fall within the exception."
That the question of the failure to preserve the objection in the trial court was the nub around which the decision in the Pait case turned is confirmed by the dissenting opinion and in the opinion on rehearing.
I find nothing in the Pait case which would justify the conclusion that we considered the error in that case one of a fundamental nature. We reversed that case simply because we concluded that the error, although not preserved at the trial, was of such harmful nature that the ends *487 of justice required a new trial. It is, therefore, impossible for me in the instant case to reconcile what is done with our holding and particularly the reasoning in the Pait case. Moreover, I think the basis of the opinion is directly contrary to the statute and rules of this Court mentioned above.
It seems to me to be inescapable that the admitted error in the trial of the defendant in this case was of a far graver nature than that in the Pait case. In the trial of a criminal case the jury has the unquestioned power under our laws to find a defendant not guilty irrespective of the evidence and such verdict of not guilty is one of the few untouchable things in the law. For a court to instruct a jury in positive terms, as was done here, that they did not have the power to find a defendant charged with murder in the first degree guilty of murder in the third degree is a plain and gross error of incalculable harm in the eyes of the law to the defendant and one which should be considered by an appellate court on review even though it be presented for the first time in that court or be discovered by that court in its examination of the record.
The District Court in the instant case discusses several cases of this Court holding that the failure to object to an instruction was fatal to the right to have it considered in the appellate court and I must confess that some of the cases cited seem to reach this conclusion. As I examine the cases, most of the instructions which were the subject of discussion could well fall in the category anticipated by the harmless error statute. Then, in discussing several of these situations, this Court used such language as "`* * * there is no obligation to consider this point'"[7] or "[i]t is clear from the record that the question here presented was not called to the attention of the trial court or ruled on by him at any time and being so will not be considered on appeal"[8] but I find nothing in any of the cases discussed which go contra to the conclusions in the Pait case that this Court has the power to consider such error if it determines the interests of justice require that such be done. If there are cases which hold to the contrary, then I think it is time we receded from them. If we adhere to the view pronounced, what becomes of the rights under the law of the countless thousands of defendants who know nothing of the law and are tried in our courts without the benefit of counsel? In these cases are the charges of a trial judge, however harmful, beyond review by an appellate court when no objection to them is made by the defendant?
Reference is made in the subject case to the fact that some fifteen files of this Court in first degree murder cases showed, upon examination, that no charges on murder in the third degree were given by the trial judge but were, nevertheless, affirmed by this Court. It is stated in the opinion of the District Court that the purpose of the office of the Attorney General in calling it to that court's attention was to show that the failure to charge on murder in the third degree in homicide cases "where there is no evidence of such crime in the record, was not such a fundamental error that would justify the granting of a new trial." I have already stated my view that appellate courts had the power to grant new trials where the objection is not preserved not alone for an error of a fundamental character but for errors of less grievous nature where, in the opinion of the court, the ends of justice required it. Moreover, whether this deficiency in the trial in these fifteen cases was pointed out to this Court or discovered by it in the examination of the record does not appear. In any event, if the disclosures of the Attorney General be true  and we will assume they are  no greater nor more persuasive argument could be presented that this Court should now take steps to prevent its recurrence and to emphatically pronounce the rule that *488 such a failure to charge is error of such magnitude as to require a new trial whether objected to during the trial or not.
For these reasons I most respectfully dissent from the majority opinion both on the question of jurisdiction and on the merits.
NOTES
[1] Killen v. State, Fla. 1957, 92 So.2d 825.
[2] Pait v. State, Fla. 1959, 112 So.2d 380.
[3] Florida Statutes 920.01, F.S.A., recognized by F.A.R. 1.4, 31 F.S.A. as a rule of this Court, provides that the trial court "* * * on motion of the defendant, or on its own motion, may grant a new trial." The underscored portion of this rule seems highly pertinent to the order under question in this case, particularly when construed with the Rule and Statute in footnotes 5 and 6.
[4] "* * * And it is to compel a jury, when, instead of placing the alternative degrees of murder before them, the judge decides that they must find the first degree or acquit. Under proper instructions from the bench it is not only the right of the jury to ascertain the degree but it is the right of the accused to have it ascertained by them, and a judge takes away one of the statutory rights of the accused when he undertakes to ascertain it.

"No doubt cases of murder of the first degree have been found in the second, but this must have been anticipated when the statute was framed, and has certainly been observed under its operation, and yet it has remained on our statute-book since 1794 unaltered in this regard. Possibly the very distinction of degrees was invented to relieve such jurymen's consciences as should be found more tender on the subject of capital punishment, than on their proper duties under evidence. Many men have probably been convicted of murder in the second degree, who, really guilty of the higher crime, would have escaped punishment altogether but for this distinction in degrees so carefully committed by the statute to juries."
Rhodes v. Commonwealth, 48 Pa. 396. (Text 399): 12 Ann.Cas. 1081, 1082.
[5] "924.32 What appellate court to review. 

"(1) Upon an appeal by either the state or the defendant the appellate court shall review all rulings and orders appearing in the appeal papers in so far as it is necessary to do so in order to pass upon the grounds of appeal. The court shall also review all instructions to which an objection was made and which are alleged as a ground of appeal, and the sentence when there is an appeal therefrom. The court may also in its discretion, if it deems the interests of justice to require, review any other things said or done in the cause which appears in the appeal papers including instructions to the jury. The reception of evidence to which no objection was made shall not be construed to constitute a ruling by the court." (Emphasis supplied.) Florida Statutes 1959, F.S.A.
[6] Rule 6.16 Florida Appellate Rules:

"(a) Generally. Upon an appeal by either the state or the defendant the appellate court shall review all rulings and orders appearing in the appeal record insofar as it is necessary to do so in order to pass upon the grounds of appeal. The court shall also review all instructions to which an objection was made and which are alleged as a ground of appeal, and the sentence when there is an appeal therefrom. The court may also in its discretion, if it deems the interests of justice to require, review any other things said or done in the cause which appear in the appeal record, including instructions to the jury. The reception of evidence to which no objection was made shall not be construed to constitute a ruling by the court." (Emphasis supplied.)
[7] State v. Brown, Fla.App. 1960, 118 So.2d 574, 576, quoting from Nelson v. State, Fla. 1957, 97 So.2d 250, 252.
[8] Ibid., 118 So.2d at page 575.