JOHNSON, Judge.
Toler was found guilty by a jury of robbery as charged in the information. It is from an order of adjudication of guilt and sentence that he appeals to this Court seeking reversal for a new trial.
Three points are argued on appeal. First, it is contended that reversible error was committed because the trial judge did not give an instruction to the jury on larceny. Counsel for appellant did not request that a charge on larceny be given, stated that he had no objections to the charges as given, and did not mention as a ground in his motion for new trial the failure of the trial judge to charge on larceny. It is Only on appeal that appellant’s counsel for the first time challenges that a fair trial was not had because there was no charge given on larceny as a lesser included offense of robbery.
Brown v. State, 124 So.2d 481 (Fla.1960), involved a situation where the defendant did not make any objection to the instruction as given, did not make a request for a contrary instruction, and did not raise the failure to give a certain instruction in his motion for a new trial. The Supreme Court stated that “ * * * If the accused fails to request such an instruction or fails by timely objection to bring to the attention of the trial judge an (error in any such instruction given he cannot urge the error for the first time on appeal. Section 918.10(4), Florida Statutes, F.S.A.” Recognizing an exception to this rule the Court went on to state that in order to raise an alleged error where there has been no timely objection the “error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” The case at bar does not come within this recognized exception.
Toler was accused of robbing a Jackson’s Minit Market in Jacksonville. The victim of the robbery, the assistant manager, testified that the robber held a gun in his hand throughout the period when he, the assistant manager, was first confronted with a request for the money in the cash register and forced to put same in a sack. The evidence was undisputed that the man who robbed the market did so at gun point by force, violence, assault or putting in fear the assistant manager.
On two recent occasions this Court has been presented with the issue now attempted to be put before us on this first point on appeal. In Hand v. State, 188 So.2d 364 (Fla.App.1st, 1966) and Brown v. State, Fla.App., 191 So.2d 296, opinion filed August 30, 1966, the defendants were being tried for robbery and no instruction was given on the lesser included offense of larceny. Judge Carroll, speaking for the Court in both cases, carefully reviews the applicable rules of law governing instructions which are to be given on lesser included offenses. In the Brown case it was concluded that the trial court need not instruct the jury on lesser included offenses unless all five of the circumstances which are listed in the opinion exist. The fourth circumstance listed is that “The evidence at the trial must be reasonably susceptible of inferences by the jury that the accused committed the lesser offense but not the greater offense charged in the indictment or information.”
In both Hand and Brown the evidence established that a gun was used in carrying out the offense and, like the situation in the instant case, there was no proof *653 ■from which a jury could infer that a larceny was accomplished without force, violence, assault, or putting in fear. Thus, if a written request for a charge on larceny had been made it would have been improper for the trial judge to have instructed the jury on the lesser included offense of larceny.
Under point two the sufficiency of the evidence to sustain the conviction is argued. We have read the transcript of testimony and are convinced that there was substantial competent evidence presented at the trial to support the finding •of the jury.
We are asked in point three to reverse because the trial judge started an instruction on the consideration the jury should give to the evidence that the defendant had been previously convicted of a crime. Immediately after the judge began such instruction he was interrupted by the prosecutor and informed that the defendant had not been questioned about his previous criminal record. Thereupon a conference was had with counsel and then the judge acknowledged his mistake to the jury and instructed them to disregard the comments he had made on the subject.
Set forth below are the instructions and conversations which transpired on this matter.
“Now, while the defendant was on the stand he was asked on cross examination if he had ever been previously convicted of a crime and he answered that he had. ■Gentlemen, — •
“MR. HELMS : Your Honor,—
“COURT: Pardon ? Do you want to say something?
“MR. HELMS: Yes, Your Honor. I ■don’t think I asked him that question.
'“COURT: It was not asked?
“MR. HELMS: No, Judge.
•“COURT: Well, I’m sorry.
“MR. HELMS: Pardon me. Excuse me for interrupting.
“COURT: You say that question was not asked? Step up here a minute, Gentlemen ?
“(Mr. Zokvic and Mr. Helms approach bench where side bar conference is had out of hearing of jury).
“All right, Gentlemen, it’s been called to my attention that apparently I may have misunderstood a question having been asked the defendant while he was on the stand concerning previous convictions. That was not the case apparently. In any event, I will ask you to disregard any charge that I may have started or any inference that you may have gathered from my comments concerning any possibility about the defendant’s possible previous conviction. It has no bearing whatsoever on the trial of this case and it would under no circumstances be a matter for you to take into consideration in the trial of this case, other than the possible credibility of the witness. But apparently I’m in error, that question was not asked, and the charge, therefore, is improper. So, I will ask you to disregard my comments concerning that possibility.”
A reading of the transcript of testimony reveals that counsel for appellant in his opening statement told the jury that evidence would be admitted showing that his client had been previously convicted of a crime. The exact words used by appellant’s counsel are:
“ * * =i= Now, in spite of that it will be brought out later on that my client was convicted of a crime before, but his testimony is still as good as the testimony of the man who testified first for the State, and I want you to pay very, very close attention to his testimony and his answers.”
In view of this statement we fail to see how the instruction which the trial *654 judge began and then promptly corrected by carefully admonishing the jury to disregard his remarks can be said to be prejudicial error.
Finding no reversible error in this cause, we hereby affirm the judgment appealed.
WIGGINTON, Acting C. J., and SACK, J., concur.