# Third District Court of Appeal

## State of Florida

Opinion filed January 24, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1114
Lower Tribunal No. F18-5919
_____

**Joseph Michel,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Rier Jordan, P.A., and Jonathan E. Jordan, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before EMAS, HENDON and LOBREE, JJ.

PER CURIAM.

Affirmed. Compare § 800.04(4)(a)(1), Fla. Stat. (2018) ("A person commits lewd or lascivious battery by. . . [e]ngaging in sexual activity with a person 12 years of age or older but less than 16 years of age") and § 800.04(1)(d), Fla. Stat. (2018) (defining "sexual activity" as "the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object"); with § 800.04(5)(a), Fla. Stat. (2018) ("A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age. . . commits lewd or lascivious molestation."). See Graham v. State, 207 So. 3d 135, 141 (Fla. 2016) (upholding dual convictions for lewd or lascivious molestation for touching the victim's breast and the victim's buttocks during the course of a single episode, because each touching was an individual and distinct act that was committed sequentially, noting: "In this case, a new act began each time one touch ended and another was initiated, no matter how closely each one followed the other."); State v. Meshell, 2 So. 3d 132 (Fla. 2009) (finding no double jeopardy violation where defendant was convicted of two counts of lewd or lascivious battery for penetrating the victim's mouth and victim's vagina during the same criminal episode, because each act was a distinct criminal act). See also Braddy v. State, 111 So. 3d 810, 837 (Fla. 2012)

2

(holding that if a defendant's contemporaneous objection to an improper comment or testimony is sustained, defense counsel must thereafter move for a mistrial to preserve the issue for appellate review and, in the absence of such preservation, can be reviewed only for fundamental error); Rose v. State, 787 So. 2d 786, 797 (Fla. 2001) (finding claim of improper comment by prosecutor during closing argument to be unpreserved where defense attorney did not move for a mistrial after the trial court sustained his objection to the comment); Brown v. State, 124 So. 2d 481, 484 (Fla. 1960) (holding that "in order to be of such fundamental nature as to justify a reversal in the absence of timely objection the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.") (citing Hamilton v. State, 88 So. 2d 606 (Fla. 1956) ("We do not consider an error to be of such fundamental nature as to justify a reversal in the absence of timely objection unless it reaches down into the legality of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the error alleged."))