# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2021-3718

———————————————

AIRON DOUGLAS CARMACK,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Escambia County.
Gary Lee Bergosh, Judge.

January 31, 2024

PER CURIAM.

Airon Douglas Carmack filed a "Petition for Review De Novo for Cumulative Error of the Lower Tribunal" in this Court. We construe the petition as an appeal of Carmack's conviction and sentence for attempted first-degree murder. We can discern two claims made in the appeal: first, that trial counsel should have introduced the testimony of an alibi witness; and second, that the evidence was legally insufficient to support the conviction. We affirm.

Carmack's claim that his counsel failed to introduce an alibi witness constitutes a claim of ineffective assistance of counsel, which cannot be raised on direct appeal unless the appellant demonstrates that fundamental error occurred. *Steiger v. State,*

328 So. 3d 926, 932 (Fla. 2021). Fundamental error is error that "reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Knight v. State*, 286 So. 3d 147, 151 (Fla. 2019) (quoting *Brown v. State*, 124 So. 2d 481, 484 (Fla. 1960)). To find fundamental error "we must consider whether counsel's alleged failure to object or otherwise act was so egregious that the trial court should have intervened even without a prompting by an objection." *Ford v. State*, 350 So. 3d 109, 113 (Fla. 1st DCA 2022). With regard to failure to call an alibi witness, the court cannot assess the existence of fundamental error without knowing, beyond Carmack's speculation, exactly what testimony the witness would have offered.* As such, Carmack has failed to demonstrate fundamental error.

Carmack makes other arguments about shortcomings in the evidence, but the appellate claim he seems to be making is that the evidence was insufficient to support the conviction. "[A]ll claims of legal sufficiency must be reviewed to determine 'whether the State presented competent, substantial evidence to support the verdict.'" *Jones v. State*, 297 So. 3d 685, 687 (Fla. 1st DCA 2020) (quoting *Bush v. State*, 295 So. 3d 179, 200 (Fla. 2020)). The evidence must be viewed "in the light most favorable to the State and consider whether 'a rational trier of fact could have found the existence of the elements of the crime beyond a reasonable doubt.'" *Jones*, 297 So. 3d at 687. Applying this standard, the evidence was more than sufficient to support the conviction, in spite of Carmack's irrelevant claims about the credibility of some of the evidence.

AFFIRMED.

---

* It is for this reason that ineffective-assistance claims are made in a postconviction proceeding, where the defendant can introduce the testimony of the omitted witness and counsel can explain why the testimony was omitted. *See, e.g.*, *McKinney v. State*, 579 So. 2d 80, 82 (Fla. 1991) (noting that "[t]he trial court is the more appropriate forum to present such claims where evidence might be necessary to explain why certain actions were taken or omitted by counsel.").

B.L. THOMAS, WINOKUR, and LONG, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————


Donovan L. Parker of the Law Offices of Donovan L. Parker, Pembroke Pines, for Appellant.

Ashley Moody, Attorney General, and Robert "Charlie" Lee, Assistant Attorney General, Tallahassee, for Appellee.