790 So.2d 588 (2001)
Raymond A. MORIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1714.
District Court of Appeal of Florida, Fifth District.
August 3, 2001.
James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise O. Simpson, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Morin challenges his two felony convictions for obtaining property by worthless *589 check of $150 or more.[1] While Morin raises several challenges in this appeal, we find worthy of discussion only his assertion that fundamental error occurred in the reading of the standard jury instructions.[2]
Morin's convictions arose out of his stay at the Sandy Lake Towers Hotel between May 26, 1999 and June 3, 1999. Morin was charged $120 a night for his first four nights at the hotel and then received the special rate of $69 on the fifth night. Apparently, if he paid in advance, he was entitled to the special rate. On May 30, 1999, Morin wrote a check to the hotel for $3,000 on Fairwinds Federal Credit Union account number XXXXXXX. It was proven at trial that this account was closed out on May 13, 1998. On June 1, 1999 Morin wrote a second check for $3,000 on account number XXXXXXX from the same institution. It was shown at trial that the balance in this account on May 31, 1999 was a negative $492.13. While a deposit was made on that date of $522.69, the resulting positive balance of $24.56 clearly could not cover the $3,000 check drawn on the account on June 1, 1999.
The offense of obtaining property by worthless check requires the state to prove seven elements. These elements essentially amount to the state having to prove the defendant knowingly wrote a bad check with the purpose of obtaining something of monetary value. A defense available to a defendant charged with this offense is that the recipient of the check knew or had good reason to believe that, at the time the check was given, the funds at the bank were insufficient to cover the check.
Morin requested that the jury be instructed on this defense. The trial court denied the request on the basis that no evidence was offered to support it. Morin did not put on a case on his behalf and nothing elicited in the direct or cross examination of the state's witnesses suggested that the payee knew of the insufficiency of the funds at the time of tender. Consequently, there was no error in not giving this instruction.
Inadvertently, however, the trial court did read an inapplicable offset to this instruction. The jury was instructed:
The fact that Raymond Morin had previously issued a worthless check to the payee did not, by itself, give Sandy Lake Towers reason to believe that Raymond Morin had insufficient funds to ensure payment of this check.
This instruction improperly and confusingly instructed the jury that they should accept as fact that "Morin had previously issued a worthless check" to Sandy Lake Towers, but that they should not treat this fact as having given Sandy Lake reason to believe that the check or checks Morin was currently presenting were worthless. The instruction either suggested a prior bad act, not presented by the state, or that the jury should accept as fact that the first check Morin submitted was worthless. The instruction also confusingly informed the jury that the fact of the presentment of the worthless check should not, by itself, give Sandy Lake reason to believe a subsequent check would be worthless. Sandy Lake's knowledge or constructive knowledge clearly was not relevant to the jury's consideration of the case because the trial judge had denied Morin's request for an instruction setting forth this defense. Nevertheless, Morin did not object to this rather senseless instruction when it was *590 read to the jury, and he now correctly concedes that the error must be fundamental in nature in order for relief to be available.
In Smith v. State, 772 So.2d 625 (Fla. 4th DCA 2000), the appellant urged that the jury instructions given were incomplete and misleading. The appellate court found that, while it would have been preferable for the standard instructions to have been read exactly as they were intended to be read, the instructions actually read sufficiently apprised the jury of the law they should follow in reaching their verdict. The instruction given in this case pertaining to the knowledge of the innkeeper was obviously of no good use to the jury. We are comfortable, nevertheless, in finding that the rest of the instructions read to the jury made it abundantly clear that the jury was the trier of fact and that the question properly before them was whether Morin knowingly wrote two bad checks for in excess of $150.00 with the intention of obtaining valuable goods or services. Fundamental error is error that "reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." State v. Delva, 575 So.2d 643, 644-45 (Fla.1991). Because there is little possibility the jury would have acquitted Morin of the bad check charges without the erroneous instruction, we affirm his convictions and sentences.
AFFIRMED.
COBB and PALMER, JJ., concur.
NOTES
[1] Section 832.05(4), Florida Statutes (1999).
[2] Morin does not challenge his conviction for the felony of defrauding an innkeeper for $300 or more.