903 So.2d 341 (2005)
Winston Eugene MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-1660.
District Court of Appeal of Florida, First District.
June 13, 2005.
*342 Nancy A. Daniels, Public Defender, and Archie F. Gardner, Assistant Public Defender, Tallahassee; Winston Eugene Moore, pro se, for Appellant.
Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Winston Eugene Moore appeals his conviction for possession of a concealed weapon by a convicted felon in violation of section 790.23, Florida Statutes. We reverse and remand for a new trial based on our conclusion that the jury instructions were fundamentally erroneous.
The facts adduced at trial were straightforward and undisputed. One evening, Moore was stopped by a police officer because the bicycle he was riding was not equipped with a light as required by law. During a consensual search of his person, the officer found a pellet gun tucked in the waistband of Moore's pants, under his shirt. Moore stipulated to his status as a convicted felon, and the fact that the pellet gun was concealed was not seriously contested at trial. The sole issue, then, was whether the pellet gun constituted a "concealed weapon" as that term is defined in section 790.001(3)(a), and the parties and the trial court acknowledged that because a pellet gun is not among the list of weapons specifically identified in the statute, a conviction could be obtained only upon a finding that the pellet gun was an "other deadly weapon." In this regard, the jury was instructed, without objection, as follows:
To prove the crime of possession of a concealed weapon by a convicted felon, the State must prove the following two elements beyond a reasonable doubt: Number one, the defendant had been convicted of a felony, and number two, after the conviction, the defendant knowingly carried a pellet gun which was concealed from the ordinary sight of another person.
Convicted means that a judgment has been entered in a criminal proceeding by a competent Court, pronouncing the accused guilty.
A concealed weapon is legally defined as any dirk, metallic knuckles, slung shot, billy tear gas gun, chemical weapon or device, or other deadly weapon, carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person. And a weapon is a deadly weapon if it is used or threatened to be used in a way likely to produce death or great bodily harm.
As is customary, the jury was repeatedly reminded of its obligation to follow the law as set out in the court's instructions, and following brief deliberations, it returned a verdict finding Moore guilty as charged.
In a criminal case, the trial judge bears the responsibility of ensuring that the jury is fully and correctly instructed as to the applicable law. See Foster v. State, 603 So.2d 1312 (Fla. 1st DCA 1992). A defendant has a clear right to have the court correctly and intelligently instruct the jury on the essential and material elements of the crime charged. See Small v. State, 889 So.2d 862 (Fla. 1st DCA 2004). We conclude, however, that the jury in this case was not fully and correctly instructed as to the elements of the offense charged. By allowing a conviction upon a mere finding that Moore carried a pellet gun, the instructions were deficient in that they *343 failed to require the jury to determine whether the pellet gun was an "other deadly weapon" within the meaning of the statutory definition of "concealed weapon," and effectively permitted a conviction for the nonexistent offense of carrying a concealed pellet gun. See Evans v. State, 703 So.2d 1201 (Fla. 1st DCA 1997); see also Nystrom v. State, 777 So.2d 1013 (Fla. 2d DCA 2000). Although the trial court did provide the jury a definition of "deadly weapon," the definition given, which contemplates the use or threatened use of the object, is logically inapplicable to a situation involving the possession of a concealed weapon. Instead, the jury should have been instructed that a deadly weapon is "one likely to produce death or great bodily injury." See State v. Walthour, 876 So.2d 594 (Fla. 5th DCA 2004); cf. Dale v. State, 703 So.2d 1045 (Fla.1997). However, even assuming the correct definition of "deadly weapon" had been given, the instructions were nonetheless erroneous in that the jury was never instructed that it must determine whether the pellet gun satisfied that definition. See McNeally v. State, 884 So.2d 494 (Fla. 5th DCA 2004).
Jury instructions are subject to the contemporaneous objection rule and absent objection at trial, can be raised on appeal only if fundamental error occurred. See State v. Delva, 575 So.2d 643 (Fla. 1991). No contemporaneous objection was raised here, but it is fundamental error if an inaccurately defined element is disputed and "is pertinent or material to what the jury must consider in order to convict." See Reed v. State, 837 So.2d 366, 369 (Fla. 2002), quoting Stewart v. State, 420 So.2d 862, 863 (Fla.1982). That criterion is satisfied in this case because the question of whether the pellet gun constituted a "concealed weapon" within the meaning of the statutory definition was the only issue in dispute at trial, and obviously was pertinent and material to what the jury was required to consider in order to convict Moore of the charged offense. We therefore conclude that the error in this case is fundamental in nature, and can be reached on appeal notwithstanding the absence of a contemporaneous objection.
While the state implicitly acknowledges that the instructions were erroneous, it nonetheless argues that any such error should not be deemed reversible because the parties argued the correct law to the jury. We find that this contention misses the mark for two reasons. First, although both the prosecutor and defense counsel informed the jury that it would be necessary for it to determine whether the pellet gun was a "deadly weapon," thus qualifying it as a "concealed weapon" under the statutory definition, the jury was also admonished by the trial court that it was required to follow the law set out in the court's instructions. Secondly, to the extent the state is suggesting that errors in the jury instructions were harmless in light of the arguments of the parties, it overlooks the fact that fundamental error is not subject to harmless error analysis. See Reed, supra at 369-70.
On the basis of the foregoing, we REVERSE Moore's conviction for possession of a concealed weapon by a convicted felon and REMAND for a new trial.
WEBSTER, BENTON and POLSTON, JJ., concur.