939 So.2d 273 (2006)
DELRIO LAVIEL ALLEN, Appellant,
v.
STATE OF FLORIDA, Appellee.
No. 4D04-954.
District Court of Appeal of Florida, Fourth District.
October 18, 2006.
Alexander R. Brumfield of Alexander R. Brumfield, III, P.A., West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
We reject the claim that the trial judge committed fundamental error when he inadvertently misstated the name of a charged crime during his oral instructions to the jury. Viewing the trial as a whole, instead of isolating on the judge's slip of the tongue, we conclude that no fundamental error occurred.
In a two-count information, the state charged Delrio Allen with burglary of a dwelling and petit theft.
The evidence at Allen's jury trial revealed that the burglarized dwelling was Tara Felder's apartment. Before Felder left for work in the morning, she made her bed and locked the front and back doors. At work, Felder took a call from her sister, who told her that someone had broken into her apartment.
While Felder was at work, her downstairs neighbor, Gwen Marks, saw Allen knocking out the back window of Felder's apartment. Marks identified Allen in court; she testified that she had known Allen since he was in daycare and had talked with him twice a month since he became an adult.
When Marks saw Allen breaking through the window, she called to him and asked what he was doing. Allen looked at Marks, but continued knocking out the window. Marks went inside her apartment and called the police. Although Marks, who lived directly below Felder's apartment, did not see Allen enter the upstairs unit, she heard footsteps coming from inside the apartment.
By the time the Riviera Beach Police Department responded to Marks's call, no one was in Felder's apartment. The officers discovered the back window of the apartment "broken out," the back door unlocked, the bedroom ransacked, and the bed a mess. Felder's bicycle and a spare set of keys were missing from the apartment. Marks told an officer that she had seen Allen breaking the back window and she provided his address.
When defining trespass and burglary for the jury, the trial court misspoke and, at one point in the instructions, inserted the word "trespass" in place of the word "burglary":
Allen, the defendant in this case has been accused of the crimes of burglary of a dwelling and petit theft. In considering the evidence you should consider the possibility that although the evidence did not convince you the defendant committed the main crimes of which he is accused, there may be evidence that he committed other acts that would constitute a lesser included crime. . . .
[The] lesser included crime in burglary of a dwelling is trespass.
To prove the crime of trespass, the state must prove the following three elements beyond a reasonable doubt:
One, Mr. Allen entered an apartment owned by or in the possession of Ms. Felder. Two, Allen did not have the permission or consent of Ms. Felder or anyone authorized to act for her to enter the apartment at the time. Three, at the time of entering the apartment, Mr. Allen had a fully formed conscious intent to commit the offense of theft in that apartment.
. . .
To prove the crime of trespass in an apartment, the state must prove the following three elements beyond a reasonable doubt.
One Mr. Allen entered an apartment owned by or possessed by Tara Felder. Two, the apartment was in the lawful possession of Ms. Felder. And . . . Mr. Allen's entering the property was without the permission express or implied of Ms. Felder or any person authorized to give that permission.
(Emphasis added).
After the trial judge finished reading the instructions he asked if he "miss[ed] anything when [he] read the instructions." The prosecutor and defense counsel both answered "No." The judge then inquired if there was anything else he should be aware of; both parties answered in the negative. The court provided the jury with a written copy of the instructions which properly identified and defined the crime of burglary. After deliberating, the jury found Allen guilty of burglary and petit theft.
On appeal, Allen claims that the trial judge's substitution of "trespass" for "burglary" in the oral instructions amounted to fundamental error.
To preserve an issue concerning the "giving or failure to give an instruction," Florida Rule of Criminal Procedure 3.390(d) requires a criminal defendant to make a specific and timely objection to any disagreeable language. See Thompson v. State, 814 So. 2d 1103, 1104 (Fla. 4th DCA 2002), disapproved of on other grounds by Battle v. State, 911 So. 2d 85 (Fla. 2005). The requirement of a contemporaneous objection to a jury instruction "is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings." Castor v. State, 365 So. 2d 701, 703 (Fla. 1978). In the absence of a contemporaneous objection at trial, an appellate court may grant relief regarding an error in the instructions only if the error is fundamental. See Floyd v. State, 850 So. 2d 383, 403 (Fla. 2002); Archer v. State, 673 So. 2d 17, 20 (Fla. 1996).
To constitute fundamental error, an erroneous jury instruction "`must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" State v. Delva, 575 So. 2d 643, 644-45 (Fla. 1991) (quoting Brown v. State, 124 So. 2d 481, 484 (Fla. 1960)). This means that an erroneous jury instruction is fundamental error "`when the omission is pertinent or material to what the jury must consider in order to convict.'" Id. at 645 (quoting Stewart v. State, 420 So. 2d 862, 863 (Fla. 1982)); accord Reed v. State, 837 So. 2d 366, 369-70 (Fla. 2002). Thus, "[f]ailing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal." Delva, 575 So. 2d at 645.
Following Delva and Stewart, Florida courts have placed the responsibility on the trial judge to ensure "that the jury is fully and correctly instructed as to the applicable law." Moore v. State, 903 So. 2d 341, 342 (Fla. 1st DCA 2005). Florida courts have found fundamental error where the trial court incorrectly instructed the jury on an element of a crime or a defense that was in dispute. See Reed, 837 So. 2d at 369-70 (holding that the jury was incorrectly instructed on element of malice in aggravated child abuse); Davis v. State, 804 So. 2d 400 (Fla. 4th DCA 2001) (finding instruction on defense of entrapment inaccurate and misleading); Moore, 903 So. 2d at 342-43 (concluding that the jury was incorrectly instructed as to whether pellet gun was "other deadly weapon" under statute prohibiting possession of a concealed weapon by convicted felon); Viveros v. State, 699 So. 2d 822, 824-25 (Fla. 4th DCA 1997) (finding circular instruction failed to properly instruct jury on the specific intent element of burglary); Carter v. State, 469 So. 2d 194 (Fla. 2d DCA 1985) (deciding that instruction on self-defense was incorrect and "necessarily misleading"); see also Bagley v. State, 119 So. 2d 400 (Fla. 1st DCA 1960) (holding that fundamental error occurred when jury charge failed to list "every essential element of justifiable homicide").
In this case, the determination of whether fundamental error occurred requires that the trial judge's slip of the tongue be examined in the context of the other jury instructions, the attorneys' arguments, and the evidence in the case to decide whether the "`verdict of guilty could not have been obtained without the assistance of the alleged error.'" Delva, 575 So. 2d at 645; see Morin v. State, 790 So. 2d 588 (Fla. 5th DCA 2001) (holding that "confusing" and "rather senseless" instruction did not amount to fundamental error). The supreme court took such a contextual approach in Delva, when it considered whether fundamental error occurred because the trial court failed to properly instruct the jury on an element of trafficking in cocaine, i.e., whether the defendant knew the substance he possessed was cocaine. Id. at 644. The court found that the jury instruction was erroneous. Id. Yet, the supreme court held that the error was not fundamental, because the defense at trial was that the defendant "did not know the package of cocaine was even in his car," not that the defendant "knew of the existence of the package[, but] did not know what it contained." Id. at 645. The supreme court concluded that "[b]ecause knowledge that the substance in the package was cocaine was not at issue as a defense, the failure to instruct the jury on that element of the crime could not be fundamental error and could only be preserved for appeal by a proper objection." Id.
The supreme court adopted a similar contextual approach to fundamental error analysis in Floyd, 850 So. 2d at 403. There, the supreme court held that an erroneous, incomplete instruction in the penalty phase of a capital case was not fundamental error, in part because the defense attorney's closing argument "fully present[ed] and discuss[ed]" those mitigation factors that had been omitted from the court's instructions. Id.
Here, the judge's slip of the tongue did not give rise to a fundamental error. The judge charged the jury with the correct elements of both charges. During closing argument, the prosecutor discussed the elements of burglary, how the evidence established that crime, and the difference between burglary and trespass. The judge's oral instructions explained that trespass was a lesser included offense of burglary. When reading the standard charge defining the elements of burglary, the trial judge erroneously substituted the word "trespass" for "burglary." Apparently, the prosecutor was unaware; defense counsel was unaware; and the instructions proceeded without objection. Allen, with the benefit of hindsight, "would now have us believe that the jurors, with the ears of a gazelle, pounced upon the slip that everyone else had missed and gave it possibly dispositive significance." Morris v. State, 837 A.2d 248, 263 (Md. Ct. Spec. App. 2003).
Significantly, on separate pages, the written instructions given to the jury to use during deliberations correctly designated the crimes of burglary and trespass and set out the elements for each. The tangible, correct, written instructions available for the jury's reference during its deliberations cured any error arising from the judge's misstatement. Also, Allen did not contest that a burglary occurred; his defense was that he was misidentified. A slip of the tongue concerning an aspect of the case "over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal." Delva, 575 So. 2d at 645.
Viewing the judge's slip of the tongue not in isolation, but in the context of the entire trial, we conclude that the jury was adequately and fairly instructed on the elements of burglary and trespass. This is not a case where the trial judge's gaffe reached "down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" Delva, 575 So. 2d at 644-45.
Appellate courts should be cautious about expanding the notion of fundamental error and should "exercise their discretion concerning fundamental error `very guardedly.'" Farina v. State, 31 Fla. L. Weekly S517, S552 (Fla. July 14, 2006) (quoting Ray v. State, 403 So. 2d 956, 960 (Fla. 1981) (quoting Sanford v. Rubin, 237 So. 2d 134, 137 (Fla. 1970))). "[F]undamental error should be applied only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application." Id. As one Maryland court has observed, attorneys "must never be lulled into the sense of false security that the [notion of fundamental error] is routinely available to pull neglected chestnuts out of the fire." Morris, 837 A.2d at 274.
We decline to reach Allen's claims of ineffective assistance of counsel on direct appeal. See, e.g., Henley v. State, 719 So. 2d 990 (Fla. 4th DCA 1998).
Affirmed.
GUNTHER and FARMER, JJ., concur.
Not final until disposition of timely filed motion for rehearing.