987 So.2d 782 (2008)
Gerald SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-1272.
District Court of Appeal of Florida, Fourth District.
July 30, 2008.
Gerald Smith, Carrabelle, pro se.
No appearance required for appellee.
WARNER, J.
The appellant challenges the trial court's denial of his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). All of his claims revolve around his contention that his sentences for carjacking with a deadly weapon and aggravated battery with a deadly weapon are illegal because the state charged that he carried a pellet gun which is not a deadly weapon. As the issue is one of fact, it is not the proper subject of a rule 3.800(a) motion, and by pleading to the charge appellant waived his right to contest the deadliness of the weapon.
Whether a pellet gun could be a deadly weapon would have been an issue for the jury to decide if appellant had gone to trial. Dale v. State, 703 So.2d 1045 (Fla. 1997); Jones v. State, 869 So.2d 1240, 1242 (Fla. 4th DCA 2004); Moore v. State, 903 So.2d 341 (Fla. 1st DCA 2005); Santiago v. State, 900 So.2d 710, 711-12 (Fla. 3d DCA 2005). An object may be a deadly weapon if it is used or threatened to be used in a way that is likely to produce death or great bodily harm or if by its nature it is something likely to produce death or great bodily harm when used as designed. Moore, 903 So.2d at 342-43; State v. Walthour, 876 So.2d 594, 597 (Fla. 5th DCA 2004). By entering his plea, appellant waived his right to have a jury decide this issue and he has not shown that his sentence is illegal.
POLEN and FARMER, JJ., concur.