COHEN, J.
 

 Mr. Lain was charged and convicted of aggravated child abuse after his three-year-old son suffered a spiral fracture of his femur. We affirm. The details of the offense are not critical to the one issue that merits discussion.
 

 Lain was charged under section 827.03(2)(c), Florida Statutes (2005), which provides that aggravated child abuse occurs when a person knowingly or willfully abuses a child and, in so doing, causes great bodily harm, permanent disability or permanent disfigurement. Child abuse is defined under section 827.03(l)(b) as an intentional act that could reasonably be expected to result in physical or mental injury to a child. In the instant case, the State proceeded under the theory that Lain knowingly committed an act that caused great bodily harm. The State conceded in closing argument that Lain did not intend to break the child’s leg, but rather intentionally acted in a manner that he reasonably could have expected to result in a physical injury, and, in fact, resulted in great bodily harm.
 

 The difficulty arose in the caption on the State’s one-count information, which read, “Aggravated Child Abuse-Inadvertent Great Bodily Harm.” It is unclear from what source the State took the phrase “Inadvertent Great Bodily Harm,” because it is not found anywhere in the statute. The dictionary defines “inadvertent” as “unintentional.” Websteu’s Ninth New Collegiate DICTIONARY 607 (1989). The State may have included it to differentiate between the intentional act that led to the injury versus its reasonably foreseeable consequence.
 
 [1]
 
 Neither is “inadvertent.”
 

 The State’s labeling of a charge is generally of no import. Fla. R.Crim. P. 3.140(d)(1). The body of the information properly tracked the statute and the required elements of proof. However, when the trial judge instructed the jury, he included the caption from the information, stating, “To prove the crime of aggravated child abuse inadvertent great bodily harm, the State must prove the following two elements beyond a reasonable doubt....” There is no dispute that what followed correctly set forth the elements of the offense. Nor did the State argue anything other than what it was required to prove beyond a reasonable doubt.
 

 We conclude that any error in the instructions provided to the jury, both orally and in writing, was not properly preserved for appeal. Although Lain raised the issue in a pretrial motion to dismiss, he did not object at the time of the charge conference or following the court’s instructions to the jury. The only
 
 *1092
 
 objection raised involved the body of the substantive charge and the State agreed to make the suggested change. Lain’s failure to timely object rendered this error, if any, unpreserved.
 
 See
 
 Fla. R.Crim. P. 3.390(d);
 
 State v. Delva,
 
 575 So.2d 643, 644 (Fla.1991). Nor could the improper instruction be considered fundamental. The jury was properly instructed on the elements of the offense, and the inclusion of this improper language did not reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.
 
 Delva, 575
 
 So.2d at 644-45;
 
 Morin v. State,
 
 790 So.2d 588, 590 (Fla. 5th DCA 2001).
 

 We would encourage courts to omit any such extraneous language in its instructions to juries.
 

 AFFIRMED.
 

 GRIFFIN and ORFINGER, JJ., concur.
 

 [1]
 

 . It was never an issue as to whether a spiral fracture constituted great bodily harm.