DAMOORGIAN, J.
 

 Ingemar Keitt (a/k/a John James) was charged with seven crimes arising out of events that took place on March 8, 2007. He appeals his convictions for two of those crimes, carrying a concealed weapon by a convicted felon and battery on a law enforcement officer. We affirm his conviction for battery on a law enforcement officer without discussion. We reverse his conviction for carrying a concealed weapon by a convicted felon and remand for a new trial on that charge.
 

 At trial, Officer Paul Brown testified that he was dispatched to a supermarket in reference to a shoplifting incident on March 8, 2007. He spoke to the store manager, who directed him to a blue minivan parked in front of the store. He then observed a man, whom he identified as Keitt, exit from the mini-van and walk toward a coffee shop. When he looked inside the van, he observed several cases of beer. At that point, he called out to Keitt, who walked over to him. He informed Keitt that he wanted to speak with him and pat him down for safety puiposes. Keitt agreed. As Keitt turned around for the pat-down, however, he fled on foot. Officer Brown ordered him to stop, but he continued to flee and a chase commenced. During the chase, Keitt fell down and was apprehended. Keitt resisted Officer Brown’s attempt to handcuff him. Officer Brown ordered him to stop resisting, but he pushed the officer to the ground and fled once again. Sometime during the struggle, Keitt’s jacket came off. Another chase ensued, during which Keitt reached
 
 *324
 
 a metal fence. When he attempted to climb the fence, Officer Brown noticed an open silver knife on Keitt’s waistband. Keitt was unable to scale the fence and surrendered to Officer Brown.
 

 Next, Officer Brown testified that he searched Keitt and his jacket incident to arrest for battery on a law enforcement officer. The search revealed a crack cocaine pipe, a set of car keys, some cold cuts, and the silver knife. Officer Brown later determined that the keys belonged to the blue mini-van in front of the supermarket, and it was later discovered that the van had been reported stolen.
 

 At the conclusion of the State’s case, Keitt moved for judgments of acquittal on all seven charges. The trial court granted the motion as to a felony petty theft charge, but denied it as to all other charges, including carrying a concealed weapon by a convicted felon.
 

 Following the presentation of evidence, the trial court instructed the jury on the charge of carrying a concealed weapon by a convicted felon as follows:
 

 Ingemar Keitt, the defendant in this case, has been accused, in Count 1 of the information of the crime of
 
 possession of a concealed weapon by a convicted felon.
 

 [[Image here]]
 

 To prove the crime of
 
 possession
 
 of concealed weapon by a convicted felon, the State must prove the following three elements beyond a reasonable doubt: Ingemar Keitt had been convicted of grand theft auto, a felony; after the conviction, Ingemar Keitt knowingly carried a concealed weapon.
 

 Convicted means that a judgment has been entered in a criminal proceeding by a Court pronouncing the accused guilty.
 

 Care and custody mean immediate charge and control exercised by a person over the named object. The terms care, custody and control may be used interchangeably.
 

 To
 
 possess
 
 means to have personal charge of or exercise the right of ownership, management or control over an object.
 

 Possession may be actual or constructive. Actual possession means the object is in the hand of or on the person or the object is in a container in the hand of or on the person or the object is so close as to be within ready reach and is under the control of the person. Mere proximity to an object is not sufficient to establish control over the object when the object is not in a place over which the person has control.
 

 Constructive possession means the object is in a place over which Ingemar Keitt has control or in which Ingemar Keitt has concealed it. If an object is in a place over which Ingemar Keitt does not have control, the State establishes constructive possession if it proves that Ingemar Keitt has knowledge that the object was within Ingemar Keitt’s presence and has control over the object.
 

 Possession may be joint, that is two or more persons may jointly possess an object exercising control over it. In that case, each of those persons is considered to be in possession of that object.
 

 If a person has exclusive possession of an object, knowledge of its presence may be inferred or assumed. If a person does not have exclusive possession of an object, knowledge of its presence may not be inferred or assumed.
 

 The verdict form on that charge read as follows:
 

 WE, THE JURY, find as follows as to the Defendant in this case: (Check only one)
 

 _A. The Defendant is Guilty of
 
 Possession
 
 of a Concealed Weapon by
 
 *325
 
 a Convicted Felon, as charged in the Information.
 

 _B. The Defendant is Not Guilty.
 

 (emphasis added). The jury found Keitt guilty of the six remaining charges.
 

 Keitt argues that the trial court committed fundamental error by failing to define crucial elements of the crime of “carrying a concealed weapon by a convicted felon” for the jury and by instructing the jury on the non-existent crime of “possession of a concealed weapon by a convicted felon” instead of the crime with which he was charged.
 

 It is the responsibility of the trial court in a criminal case to ensure that the jury is fully and correctly instructed about the applicable law.
 
 Battle v. State,
 
 911 So.2d 85, 88-89 (Fla.2005). Nevertheless, Keitt failed to object to these omissions and mis-instructions at trial, so this issue is cognizable on appeal only if the trial court committed fundamental error.
 
 See State v. Delva,
 
 575 So.2d 643, 644 (Fla.1991). This court has explained fundamental error in the context of jury instructions as follows:
 

 To constitute fundamental error, an erroneous jury instruction “‘must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’”
 
 State v. Delva, 575
 
 So.2d 643, 644-45 (Fla.1991) (quoting
 
 Brown v. State,
 
 124 So.2d 481, 484 (Fla.1960)). This means that an erroneous jury instruction is fundamental error “ ‘when the omission is pertinent or material to what the jury must consider in order to convict.’ ”
 
 Id.
 
 at 645 (quoting
 
 Stewart v. State,
 
 420 So.2d 862, 863 (Fla.1982));
 
 accord Reed v. State,
 
 837 So.2d 366, 369-70 (Fla. 2002). Thus, “[flailing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal.”
 
 Delva, 575
 
 So.2d at 645.
 

 Allen v. State,
 
 939 So.2d 273, 276 (Fla. 4th DCA 2006). The potentially erroneous jury instruction must be examined in the context of the other jury instructions, the attorneys’ arguments, and the evidence in the case.
 
 Abbott v. State,
 
 958 So.2d 1140, 1142 (Fla. 4th DCA 2007).
 

 Keitt’s first argument is that the trial court erred in failing to instruct the jury on the definitions of “weapon,” “concealed weapon,” and “deadly weapon.” This error, if such existed, was not fundamental because the record reflects that there was no dispute over whether the knife was a “concealed weapon,” as that term is defined by statute.
 
 See Delva, 575
 
 So.2d at 645. Thus, we decline to review this issue.
 

 Keitt’s second argument is that the trial court committed fundamental error by instructing the jury on the non-existent crime of “possession of a concealed weapon by a convicted felon” instead of “carrying a concealed weapon by a convicted felon,” and by defining “possession,” “actual possession” and “constructive possession” for the jury. We hold that this was fundamental error.
 

 We begin by noting that the trial court properly instructed the jury on the elements of the charged crime, “carrying a concealed weapon by a convicted felon.” The trial court’s errors began when it instructed the jury that Keitt was charged with “possession of a concealed weapon by a convicted felon,”
 
 [1]
 
 and then consistently
 
 *326
 
 labeled the crime that way throughout the instructions, on the verdict form, and on the adjudication form.
 

 Section 790.23(1), Florida Statutes (2007), encompasses two separate crimes. The first is possession of a firearm, ammunition, or electric weapon or device by a convicted felon.
 
 Id.
 
 The second is carrying a concealed weapon, including a tear gas gun or chemical weapon, by a convicted felon.
 
 Id.
 
 Keitt was charged with the second crime, carrying a concealed weapon by a convicted felon. Thus, his conviction and adjudication for the crime of “possession of a concealed weapon by a convicted felon,” a crime with which he was not charged and which does not exist, was fundamental error.
 
 See Castillo v. State,
 
 929 So.2d 1180, 1181 (Fla. 4th DCA 2006) (due process is violated when an individual is convicted of a crime not charged in the charging instrument);
 
 Achin v. State,
 
 436 So.2d 30, 31 (Fla.1982) (“[N]o one may be convicted of a nonexistent crime.”).
 

 That error was compounded when the trial court gave the jury the definitions for actual and constructive possession, where those definitions were irrelevant to the charged crime and were likely confusing and misleading to the jury. The Standard Jury Instruction for crimes under section 790.23(1), Florida Statutes (2007), directs a trial judge to instruct a jury on the definitions of actual and constructive possession only if the defendant is charged with possession of a firearm, electric weapon or device, or ammunition. Fla. Std. Jury Instr. (Crim.) 10.15. Those definitions are not supposed to be given if the defendant is charged with carrying a concealed weapon because the definition of “possession” is different from and broader than the definition of “carrying.”
 
 [2]
 

 Whether Keitt was carrying the knife was disputed at trial, and appears to have been Keitt’s only defense to this charge. His attorney argued that the State had not produced evidence that Keitt’s fingerprints were on the knife, and that it was not possible for someone to be running and climbing fences with an open knife in his waistband without cutting himself. She went on to suggest that the knife was found somewhere other than on Keitt’s person, such as in the stolen car to which Keitt had the keys. Finally, she questioned Officer Brown’s credibility, and reminded the jury that he was the only witness to testify about these events.
 

 Under these circumstances, it is impossible to tell whether the jurors were able to discern that the definitions for “actual possession” and “constructive possession” were irrelevant to charge of “carrying a concealed weapon by a convicted felon,” especially where the trial court consistently mis-labeled the crime “possession of a concealed weapon by a convicted felon” in the jury instructions and on the verdict form. It is entirely possible that the ju
 
 *327
 
 rors believed that the definitions for “carrying” and for “possession” were one and the same. Thus, they might have believed that they were required to find Keitt guilty of the crime even if the knife was found in the stolen car, and not on his person. It is this possibility that leads us to the conclusion that the trial court committed fundamental error and that Keitt’s conviction for the non-existent crime of “possession of a concealed weapon by a convicted felon” must be reversed and remanded for a new trial.
 
 See Mosely v. State,
 
 682 So.2d 605, 607 (Fla. 1st DCA 1996) (“When jurors are given an instruction that would permit them to find the defendant guilty of a crime that does not exist, the error is fundamental and is per se reversible, and the case must be remanded for retrial.”).
 

 This is not a case where the trial court gave the jury a superfluous instruction on an element which never became an issue at trial, either through evidence or argument.
 
 Compare State v. Weaver,
 
 957 So.2d 586 (Fla.2007) (where the Florida Supreme Court held that the trial court’s instruction on an alternative theory was not fundamental error because that alternative theory was never at issue in the case)
 
 with Sanders v. State,
 
 959 So.2d 1232 (Fla. 2d DCA 2007) (fundamental error where the jury was improperly instructed on an uncharged alternative theory because the State presented evidence and argument, and the defense presented argument, on the uncharged theory). Whether Keitt carried the knife was at issue during the trial.
 

 Accordingly, we reverse Keitt’s conviction and sentence for “possession of a concealed weapon by a convicted felon” and remand for a new trial on the charged crime of carrying a concealed weapon by a convicted felon. We affirm his conviction and sentence for battery on a law enforcement officer.
 

 Affirmed in Part, Reversed, in Part, and Remanded.
 

 POLEN and STEVENSON, JJ., concur.
 

 [1]
 

 . Standard Jury Instruction 10.15 labels all crimes under section 790.23, Florida Statutes, as “Felon in Possession of a Weapon.” This label is not consistent with the definitions of
 
 *326
 
 the crimes that the legislature has set out in section 790.23, Florida Statutes. Thus, we recommend that the standard jury instruction be amended to reflect the language in the statute.
 

 [2]
 

 . ‘'Carrying” is not defined in either the statute or the standard jury instruction. Nevertheless, the definition of "carrying,” which implies that the weapon is on or about the defendant's person, is undeniably narrower than the definition of "possessing,” which includes both actively possessing and construc-lively possessing.
 
 See
 
 § 790.001(3)(a), Fla. Slat. (2007) (defining "concealed weapon” as any of a list of weapons which is "carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person”); § 790.053, Fla. Stat. (2007) ("Except as otherwise provided by law and in subsection (2), it is unlawful for any person to openly cariy on or about his or her person any firearm or electric weapon or device.”).