29 So.3d 1167 (2010)
STATE of Florida, Appellant,
v.
D.C., a Child, Appellee.
No. 4D08-3877.
District Court of Appeal of Florida, Fourth District.
March 3, 2010.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellant.
Joseph A. Bosco of Joseph A. Bosco, P.A., Fort Lauderdale, for appellee.
CIKLIN, J.
In this juvenile delinquency matter, D.C. was charged by petition for delinquency with possession of a firearm on school property pursuant to section 790.115(2), Florida Statutes (2007). During the adjudicatory hearing, the trial judge found the proof insufficient to support that charge but found it sufficient to support guilt of the uncharged crime of carrying a concealed firearm pursuant to section 790.01(2).[1] The court mistakenly believed the crime of carrying a concealed firearm was a lesser included offense of the original charge. See James v. State, 16 So.3d 322, 326 (Fla. 4th DCA 2009) ("[T]he definition of `possession' is different from and broader than the definition of `carrying.'"); § 790.115(2)(a), Fla. Stat. ("A person shall not possess any firearm."); § 790.01(2), Fla. Stat. ("A person who carries a concealed firearm . . . commits a felony.").
The adjudication of delinquency for a crime not charged constitutes fundamental *1168 error. See S.J. v. State, 831 So.2d 1288 (Fla. 5th DCA 2002).[2]
Because the trial court found that the allegations in the petition were not sustained and because the trial judge found D.C. guilty of a lesser included offense that was, in fact, not a lesser included offense of the original charge, the law of this case requires that the matter be dismissed. See Fla. R. Juv. P. 8.110(f).
Reversed and remanded for further proceedings consistent with this opinion.
MAY and DAMOORGIAN, JJ., concur.
NOTES
[1] In announcing his decision, the trial judge stated: "I'm making a finding that . . . [the State] did prove beyond and to the exclusion of every reasonable doubt . . . the lesser included offense of carrying a concealed firearm, 790.01."
[2] Although neither party raised this issue either in the trial court or on appeal, an appellate court may address sua sponte an error which is apparent on the face of the record. See Goss v. State, 398 So.2d 998 (Fla. 5th DCA 1981).