ALTENBERND, Judge.
James Arthur Williams appeals his judgments and sentences for aggravated battery, felonious “possession” of a concealed weapon, and possession of cocaine. ■ We affirm his judgment for aggravated battery as well as the judgment for possession of cocaine. We reverse his judgment and sentence for felonious “possession” of a concealed weapon because the relevant statute makes it unlawful to “carry,” not possess, a concealed weapon as a felon. The jury instructions in this case described the wrong elements for this offense and effectively allowed a conviction for a nonexistent crime. See James v. State, 16 So.3d 822, 326 (Fla. 4th DCA 2009). We conclude that the trial court would have imposed the maximum sentence as a habitual offender for the aggravated battery without regard to this error and accordingly affirm the thirty-year term of imprisonment for aggravated battery, as well as the concurrent sentence for possession of cocaine.
On December 29, 2007, at approximately 10:30 p.m., a man and a woman were walking to a coffee shop in downtown St. Pe-tersburg when Mr. Williams rode between them on a three-wheel bicycle. Another man on a bicycle followed immediately behind Mr. Williams. The other bicyclist attempted to steal the woman’s purse. When she resisted, the man with whom she was walking came to her defense. Ultimately, Mr. Williams pulled a box cutter from his waist band and severely cut the man who came to the woman’s defense. The police arrested Mr. Williams a short time later.
The State charged Mr. Williams with aggravated battery, felonious “possession” of a concealed weapon, attempted robbery by sudden snatching, and possession of cocaine. At the bifurcated trial, the State first tried the offenses of aggravated battery and attempted robbery. The jury found Mr. Williams guilty of aggravated battery and not guilty of attempted robbery. Immediately thereafter, the same jury heard evidence establishing that Mr. Williams was a convicted felon, and the trial court instructed the jury on the concealed weapon charge. As explained later in this opinion, over Mr. Williams’ objection to the language in the jury instructions, the jury found him guilty of felonious “possession” of a concealed weapon. Before sentencing, Mr. Williams pleaded guilty to the possession of cocaine charge.
Because both the language used in the information and in the jury instructions intermingled the elements of section 790.23, Florida Statutes (2007), it is first important to review the relevant statute. Section 790.23 provides:
(1) It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm, ammunition, or electric weapon or device, or to carry a concealed weapon ... or device, if that person has been:
(a) Convicted of a felony in the courts of this state[.]
Mr. Williams correctly argues that section 790.23(1) contains two subparts. First, it is illegal for a convicted felon to have in his or her “care, custody, possession, or control” any firearm or certain other weapons. *194 Second, it is illegal for a convicted felon to “carry a concealed weapon.”
The error in this case stems from the fact that the information intermingled these two subparts. It did not allege that Mr. Williams “carried” a concealed weapon. Instead, it alleged that he “did unlawfully have in his care, custody, possession or control, [a] concealed weapon.” Mr. Williams did not challenge the sufficiency of the information prior to trial, and there is nothing in the record to suggest that he was prejudiced, misled, or confused by this error. Accordingly, he was not entitled to have the information dismissed or to receive a judgment of acquittal due to this mistake. See Fla. R.Crim. P. 3.140(o); Ford v. State, 802 So.2d 1121, 1130 (Fla.2001).
Mr. Williams’ attorney apparently first noticed this error during the second portion of this trial. At that time, he moved for a directed verdict and also objected to jury instructions that discussed “possession” of a concealed weapon. The trial court ruled that the content of the information controlled the case and gave instructions based on Florida Standard Criminal Jury Instruction 10.15(2)(a) rather than 2(b). Accordingly, the trial court instructed the jury that the offense had two elements: (1) that Mr. Williams was a convicted felon and (2) that after the conviction he “knowingly had in his care, custody, possession, or control a concealed weapon.” The trial court gave the standard supplemental instructions on care, custody, and control, including an instruction on actual or constructive possession. It gave no instruction on “carrying” a concealed weapon.
The circumstances of this case are virtually identical to the circumstances in James, except here, Mr. Williams objected to the jury instructions, whereas in James, the defendant did not object, and the Fourth District treated it as fundamental error. See 16 So.3d at 325. Clearly, if the error warrants correction as a fundamental error, it should be corrected as a preserved error.
Nevertheless, we have considered whether the error was harmless in this case because the evidence strongly suggests that Mr. Williams knowingly carried the concealed box cutter as a concealed weapon. Obviously, even “strong” or “overwhelming” evidence is not necessarily enough to render an error harmless. See Cooper v. State, 43 So.3d 42, 43 (Fla.2010) (stating that the harmless error standard is whether there is a reasonable possibility that the error affected the verdict and not “a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test”) (quoting State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986)). However, it is possible the erroneous instruction did not affect the verdict because the jury could have equated “possession” with “carrying,” given the evidence in the case and the nature of the arguments of the attorneys. Still, the fact remains that the trial court instructed the jury on the wrong elements of the offense over Mr. Williams’ objection. State v. Kettell, 980 So.2d 1061, 1068 (Fla.2008) (noting that a defendant is entitled to have the jury instructed on the correct elements of the offense and it cannot be deemed harmless error to fail to do so, especially when the defendant has brought the omission to the attention of the trial court).
In this case, the weapon was a box cutter. It was a tool that can be legally possessed and owned by a person, including a felon, for legitimate work purposes. We are convinced that even a felon can legally carry a box cutter in a concealed pocket if he is carrying the box cutter for a- *195 legitimate work purpose and is not hiding it with the intent to use it, if necessary, as a weapon. See, e.g., Cook v. Crosby, 914 So.2d 490, 491 n. 1 (Fla. 1st DCA 2005) (“Although a razor knife/box cutter was not designed or constructed to cause death or great bodily harm, it can be a deadly weapon if the defendant uses, threatens to use, or intends to use it in a manner likely to cause death or great bodily harm.”). It was up to the jury to determine beyond a reasonable doubt that Mr. Williams knowingly carried the box cutter as a concealed weapon, and the jury instructions simply did not give them the guidance they needed to make that determination. Therefore, we conclude that we cannot regard this error as harmless, and we reverse the conviction and sentence for felonious “possession” of a concealed weapon. On remand, the State may amend the information and seek to prosecute Mr. Williams for the intended offense.
Affirmed in part, reversed in part, and remanded.
VILLANTI and WALLACE, JJ„ Concur.