DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOEL RODRIGUEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1515

[ August 12, 2015 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dan L. Vaughn, Judge; L.T. Case No. 562006CF003866A.

Carey Haughwout, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for appellant.

Joel Rodriguez, Milton, Pro Se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers and Monique Rolla, Assistant Attorneys General, West Palm Beach, for appellee.

TAYLOR, J.

Joel Rodriguez appeals his conviction and sentence for violating section 790.23(1), Florida Statutes (2006). This appeal was originally filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), but we ordered supplemental briefing on a jury instruction issue.

We now conclude, and the State concedes, that fundamental error occurred in the jury instructions where the trial court instructed the jury on the nonexistent crime of "possession of a weapon by a felon," instead of carrying a concealed weapon by a convicted felon. *See James v. State*, 16 So. 3d 322, 325-27 (Fla. 4th DCA 2009).

Specifically, the jury instructions stated the following:

To prove the crime of Possession of a Weapon by a Felon, the State must prove the following two elements beyond a reasonable doubt:

1. Joel Rodriguez had been convicted of a felony.

2. After the conviction, Joel Rodriguez knowingly had in his care, custody, possession, or control a weapon.

The instructions then went on to define various terms, including "possession," "actual possession," and "constructive possession." The jury was instructed on the definition of the term "weapon," but not the term "concealed weapon."

Section 790.23(1) encompasses two separate crimes. *James*, 16 So. 3d at 326. "The first is possession of a firearm, ammunition, or electric weapon or device by a convicted felon. The second is carrying a concealed weapon, including a tear gas gun or chemical weapon, by a convicted felon." *Id.* (citations omitted).

In *James*, we held that the trial court committed fundamental error by instructing the jury on the nonexistent crime of "possession of a concealed weapon by a convicted felon" instead of "carrying a concealed weapon by a convicted felon," and by defining "possession," "actual possession" and "constructive possession" for the jury. *Id.* at 325-27. Even though the trial court properly instructed the jury on the elements of the charged offense of carrying a concealed weapon by a convicted felon, the trial court instructed the jury that the defendant was charged with possession of a concealed weapon by a convicted felon and then consistently labeled the crime that way throughout the instructions and on the verdict form, making it entirely possible that the jury believed the definitions for "carrying" and for "possession" were one and the same. *Id.* Moreover, the definitions of actual and constructive possession "are not supposed to be given if the defendant is charged with carrying a concealed weapon because the definition of 'possession' is different from and broader than the definition of 'carrying.'" *Id.* at 326.

Here, as the Second District remarked in a similar case, the jury instructions "described the wrong elements" for the offense and "effectively allowed a conviction for a nonexistent crime." *Williams v. State*, 48 So. 3d 192, 193-94 (Fla. 2d DCA 2010) (reversing judgment for "possession" of a concealed weapon because the relevant statute makes it unlawful to "carry," not possess, a concealed weapon as a felon, and the jury was

2

improperly instructed that it could convict if the defendant was a convicted felon who "knowingly had in his care, custody, possession, or control a concealed weapon").

In this case, the jury instructions were more harmful than those found to be fundamental error in *James*. The instructions incorrectly defined a disputed element of the crime in such a way as to reduce the State's burden of proof. The jury instructions here allowed for a conviction based on mere *possession* of a weapon by a felon, but the relevant statute makes it unlawful for a felon to *carry* a concealed weapon. Likewise, the verdict form erroneously referred to the crime as "possession of a weapon by a convicted felon."

The issue of whether appellant was carrying a weapon on his person was disputed at trial. The officers testified that brass knuckles were found in appellant's pocket. But appellant testified that the brass knuckles were part of a belt buckle that an officer found in appellant's truck.

The term "carrying" is narrower than the term "possessing." *James*, 16 So. 3d at 326 & n.2. Possession may include actual or constructive possession. Thus, a defendant's *possession* of a weapon does not necessarily mean that the defendant was *carrying* a concealed weapon. Here, based on the incorrect instruction that *possession* of a weapon was enough to convict, the jury might have convicted appellant even if the jury believed his testimony that the brass knuckles were in his truck. Moreover, the definitions of actual and constructive possession should not have been given to the jury, as "those definitions were irrelevant to the charged crime and were likely confusing and misleading to the jury." *Id.* at 326.

In short, the erroneous jury instruction constituted fundamental error, and appellant's conviction for the nonexistent crime of "possession of a weapon by a convicted felon" must be reversed and remanded for a new trial on the charged crime[1] of carrying a concealed weapon by a convicted felon.

*Reversed and Remanded.*

MAY and KLINGENSMITH, JJ., concur.

---

[1] The amended information improperly labeled the crime as "possession of a weapon by a convicted felon," but the allegations of the information properly tracked the language of section 790.23(1).

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*