# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0121
Lower Tribunal No. 23-CF-13482

_____

STATE OF FLORIDA,

Appellant,

v.

MELVIN LEON IVORY,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Kevin B. Weiss, Judge.

December 13, 2024

LAMBERT, B.D., Associate Judge.

Melvin Leon Ivory ("the defendant"), a convicted felon, carried a concealed machete into a Wal-Mart store where he was subsequently arrested by law enforcement. The State thereafter charged him by information with carrying a concealed weapon by a convicted felon in violation of section 790.23, Florida Statutes (2023).

Shortly after the State filed its information, the defendant filed a motion under

Florida Rule of Criminal Procedure 3.190(c)(4) to dismiss this count.[1]  This rule permits the trial court to "ascertain whether the undisputed facts which the State will rely on to prove its case[ ] establish a prima facie case, as a matter of law, so as to permit a jury to determine the defendant guilty of the crime charged." *Lowe v. State*, 40 So. 3d 789, 791 (Fla. 5th DCA 2010) (quoting *State v. Walthour*, 876 So. 2d 594, 595 (Fla. 5th DCA 2004)).

The defendant did not dispute that he was a convicted felon nor, for purposes of the motion, that the machete that he was carrying on his person was concealed. The defendant further averred in his motion to dismiss that he was not intoxicated, nor did he threaten or cause death or great bodily harm to any person with the machete.[2]  The State did not challenge these factual assertions.

After a hearing at which no testimony was received, the trial court granted the defendant's motion.  Citing to the Fourth District Court's opinion in *Arroyo v. State*, 564 So. 2d 1153 (Fla. 4th DCA 1990), the court dismissed the charge of carrying a concealed weapon by a convicted felon, concluding that because the machete possessed by the defendant "was not being used in a dangerous or threatening manner," the State could not establish a prima facie case.

---

[1] The information also charged the defendant with committing a petit theft, which is not at issue in this appeal.

[2] Ivory's motion to dismiss did not raise any constitutional challenge to section 790.23, Florida Statutes.

The State timely appealed. We have jurisdiction[3] and, for the following reasons, reverse the order granting the defendant's motion to dismiss.

## I.

As the matter before us involves a question of law on undisputed facts as well as statutory interpretation, our standard of review is de novo. *See Alachua County v. Watson*, 333 So. 3d 162, 169 (Fla. 2022); *State v. Den Besten*, 374 So. 3d 874, 876 (Fla. 6th DCA 2023).

## II.

To prove that the defendant violated section 790.23, Florida Statutes, the State bears the burden of showing that at the time the defendant was carrying a concealed weapon, he was a convicted felon. The dispositive issue framed in this appeal is whether, as a matter of law, the defendant's machete could not come within the definition of a concealed weapon because he did not also use or threaten to use it in a dangerous or threatening manner.

Section 790.001(4)(a), Florida Statutes (2023), defines a concealed weapon as:

> . . . any dirk, metallic knuckles, billie, tear gas gun, chemical weapon or device, or other deadly weapon carried on or about a person in such a manner as to conceal the weapon from the ordinary sight of another person.

§ 790.001(4)(a), Fla. Stat. (2023).

---

[3] *See* Fla. R. App. P. 9.140(c)(1)(A).

3

The State acknowledges that a machete is not one of the specifically listed or identified weapons under this statute. It argues that the definition of a concealed weapon also includes an "other deadly weapon," and that the trial court erred in determining, as a matter of law, that the defendant's machete was not a deadly weapon because he admittedly did not use it in a threatening or dangerous manner. The State submits that under this statute, how or if the weapon was used is not dispositive. We agree.

### III.

The First District Court of Appeal's opinion in *Moore v. State*, 903 So. 2d 341 (Fla. 1st DCA 2005), is instructive on this issue. The undisputed facts in that case were that the defendant, a convicted felon, was stopped by a police officer because the bicycle he was riding was not equipped with a light as required by law. *Id.* at 342. During a consensual search of his person, the officer found a pellet gun tucked in the waistband of the defendant's pants, under his shirt. *Id.* The sole issue at trial was whether this pellet gun constituted a concealed weapon, which was dependent upon it being an "other deadly weapon" under section 790.001. *Id.*

The defendant was convicted after trial of carrying a concealed weapon by a convicted felon. *Id.* The First District reversed the conviction, concluding that the jury instruction defining deadly weapon was fundamentally flawed. *Id.* Though the instruction tracked the above-described statutory definition of a concealed weapon

from section 790.001, the instruction also provided that "a weapon is a deadly weapon if it is used or threatened to be used in a way likely to produce death or great bodily harm." *Id.*

Pertinent here, the First District concluded that this additional language was erroneous as it "contemplate[d] the use or threatened use of the object, [which] is logically incompatible to a situation involving the possession of a concealed weapon." *Id.* at 343. The court held that "[i]nstead, the jury should have been instructed that a deadly weapon is 'one likely to produce death or great bodily injury.'" *Id.* at 343 (citing *Walthour*, 876 So. 2d at 597; *Dale v. State*, 703 So. 2d 1045, 1047 (Fla. 1997)). The court further observed that even if the correct definition of "deadly weapon" had been provided, the instruction would still have been erroneous as the jury was not instructed that it must determine whether the pellet gun satisfied this definition. *Id.* (citing *McNeally v. State*, 884 So. 2d 494, 495 (Fla. 5th DCA 2004)).

IV

We agree with the First District Court's analysis in *Moore* and find it applicable to the defendant's machete here. The trial court's reliance on *Arroyo* in granting the defendant's motion to dismiss was misplaced. The weapon there was a common pocketknife and it was not concealed. 564 So. 2d at 1154. Unlike a machete, a common pocketknife is statutorily excluded from the definition of a

5

weapon. *See* § 790.001(20), Fla. Stat. (2023). Thus, it is not a weapon, nor is it designed to cause death or great bodily harm. A common pocketknife can only become a dangerous or deadly weapon if, under the facts of the case, it is used or threatened to be used in a manner likely to cause death or great bodily harm. *Arroyo*, 364 So. 2d at 1154–55. Stated more plainly, possession of or carrying a concealed, common pocketknife by a convicted felon, without more, is not a crime. The same does not hold true for a machete.

V.

Florida Standard Jury Instruction in Criminal Cases 10.15, applicable where the defendant is charged with carrying a concealed weapon by a convicted felon, provides further support. It instructs that a deadly weapon is "any object that will likely cause death or great bodily harm if used in the ordinary and usual manner contemplated by its design and construction." This standard instruction does admittedly contain an alternative definition to be given "only if applicable," describing that an "object not designed to inflict bodily harm may nonetheless be a 'deadly weapon' if it was intended [or threatened] to be used in a manner likely to cause death or great bodily harm." Thus, the initial analysis as to whether an object is an "other deadly weapon" under the concealed weapon statute at issue is guided by the object's design and construction, not its use.

Ironically, when arguing his motion to dismiss below, the defendant provided

6

the trial court with the Wikipedia definition of machete as being "a broad blade used either as an agricultural implement similar to an axe, or in combat like a long-bladed knife." Logically, a weapon defined as also being intended for use in combat is one that would be likely to cause death or great bodily harm if used in its ordinary and usual manner.

VI.

We therefore hold that the trial court erred in granting the defendant's motion to dismiss. Whether his machete is a deadly weapon that could not be carried concealed by a convicted felon under section 790.23, Florida Statutes, is for the jury to decide. Accordingly, we reverse the order under review and remand the case to the trial court for further proceedings.

REVERSED and REMANDED for further proceedings.

STARGEL and SMITH, JJ., concur.

Ashley Moody, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellant.

Howard L. "Rex" Dimmig, II, Public Defender, and Joanna Beth Conner, Assistant Public Defender, Bartow, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED